# Richmond.

## TAZEWELL AND OTHERS v. HERMAN, TREASURER.

March 17, 1908.

Rehearing.

June 16, 1908.

1. ELECTIONS—*Constitutional Law—Prepayment of Poll Tax—"Personal Payment."*—When all of the provisions of article II of the Constitution relating to the payment of poll taxes as a prerequisite to the right of a person to register or vote are considered together, as they should be in construing section 38, in the light of the evil which was intended to be remedied, it is clear that it was intended that the treasurer should embrace in the list which he is required by the latter section to file with the clerk, the names of only such persons as have *personally* paid their poll taxes within the time required by law. What constitutes a personal payment is not involved in this case, was not argued by counsel for defendant in error, and hence is not now considered or passed upon.

2. MANDAMUS—*Impossibility of Voluntary Performance—Compulsion.*—The fact that a defendant may not be able, at the time of hearing an application for a *mandamus*, to do, of his own motion, that which he ought previously to have done, is no reason why the court cannot compel him at the hearing to do that which he should have done at the proper time when sufficient time remains to perform the duty omitted, and to comply with all the requirements of the law, if any.

3. REHEARING—A failure to pass upon a question not involved in a case, not argued by counsel and not considered by the court, furnishes no ground for granting a rehearing.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk on a petition for a *mandamus*. Judgment for the defendant. Petitioners assign error.

*Reversed.*

The following is a copy of the petition filed in trial court:

"To the Hon. William Bruce Martin, Judge of the Court of Law and Chancery of the city of Norfolk:

"Your petitioners, L. W. Tazewell, George L. Arps and C. H. Bull, respectively represent—

"1. That they are citizens, residents, tax-payers and qualified voters in the city of Norfolk, Virginia;

"2. That the defendant, H. S. Herman, is the duly qualified treasurer of the city of Norfolk;

"3. That by section 21, article II, of the Constitution of Virginia, it is provided that before a registered person shall have the right to vote in elections, and as a prerequisite to his right to vote, said person shall *personally* pay, at least six months prior to the election, all State poll-taxes assessed or assessable against him under said Constitution during the three years next preceding the election in which he offers to vote;

"4. That by section 38, article II, of said Constitution, it is provided that the treasurer of each city shall, at least five months before each regular election, file with the clerk of the corporation court of his city a list of all persons in his city who have paid, not later than six months prior to such election, the State poll-taxes required by said Constitution during the three years next preceding that in which such election is held;

"5. It is also provided by said last mentioned section of the Constitution that the clerk of the corporation court of such city shall deliver to one of the judges of election of each precinct of his city a certified copy of the list so filed by the treasurer, which said list shall be *conclusive* evidence of the facts therein stated for the purpose of voting.

"6. Your petitioners are advised that, under the sections of the Constitution above referred to, the list which the treasurer is required to certify to the clerk of the corporation court of said city of Norfolk, should embrace only the names of such

Vol. cviii—27.

tax-payers as have *personally* paid the poll-taxes required by the aforesaid sections of said Constitution, but they are informed and believe that the said H. S. Herman, city treasurer, intends, and is about to prepare and deliver, a list to the said clerk of the Corporation Court of the city of Norfolk of all the persons in the said city of Norfolk, whose taxes have been paid on or before said December 7, 1907, regardless of whether said poll-taxes were paid *personally* by said persons or by others for them.

"7. Your petitioners are advised, informed and believe that there are a great many persons in the city of Norfolk who have not *personally* paid their poll-taxes, as required by the Constitution as a prerequisite of their right to vote in said election, but whose poll-taxes have been paid on or prior to said December 7, 1907, by parties other than said persons themselves; and that said H. S. Herman, treasurer as aforesaid, contemplates embracing in the list to be returned by him to the clerk of said corporation court, under the Constitution aforesaid, the names of all these persons who have not *personally* paid their poll-taxes, as well as the names of those who have paid their poll-taxes *personally*.

"8. Your petitioners are advised that under the law the said list, so to be returned by said H. S. Herman, treasurer, to the clerk of said corporation court, should contain only the names of those persons who have *personally* paid their said poll-taxes on or before December 7, 1907; and that it is an illegal and an erroneous construction of the law to return to said clerk a list containing also the names of those persons who have not *personally* paid their said poll-taxes.

"9. Your petitioners are advised that such list, when it is returned to said clerk and a copy thereof certified by the clerk to the judges of election, is conclusive evidence of the facts therein stated for the purposes of said election, and no person would have a right to challenge at said election any person as a voter whose name was on said list because he had not *per-*

*sonally* paid his poll-tax, and that no remedy is provided by law for the correction of said list, save in a proceeding of this kind, to prevent a list of the kind mentioned from being returned by the treasurer to said clerk.

"10. Your petitioners are advised that they have a right under the law to have said H. S. Herman, treasurer, return to the said clerk a list containing only the names of those persons who have personally paid their poll-taxes under the requirements of the Constitution, and that said H. S. Herman, treasurer, has now information in his possession showing the persons who paid their poll-taxes personally as well as the persons who did not pay the same personally, and your petitioners, therefore, insist that in making up and returning the list aforesaid to the said clerk the said H. S. Herman, treasurer, should omit therefrom the names of such persons as did not personally pay their poll-taxes on or prior to said December 7, 1907, under the requirements of said Constitution.

"11. Your petitioners are advised that said H. S. Herman, treasurer, is now preparing and is about to return said list to said clerk, and that an order should be entered herein restraining him from returning said list until the question involved herein shall have been determined, and to that end they pray for such an order.

"Wherefore, petitioners, being without any other remedy whatever, and being plainly entitled to have the said H. S. Herman omit from said list the names of such persons as have not personally paid their poll-taxes on or prior to the 7th day of December, 1907, and to embrace therein only such persons as have personally paid their poll-taxes on or prior to said 7th day of December, 1907, pray this court for a writ of mandamus to compel the said H. S. Herman, treasurer of the city of Norfolk, Virginia, to make out and certify to the clerk of the Corporation Court of the city of Norfolk, a list embracing only such persons who personally paid their poll-taxes on or before December 7, 1907, and omit therefrom the names of such per-

sons who did not personally pay their poll-taxes on or before December 7, 1907."

*John B. Jenkins* and *Nathaniel T. Green,* for the plaintiffs in error.

*Thomas H. Willcox,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The question involved in this case is whether it is the duty of the treasurer of a county or city, under section 38, article II, of the Constitution, in making and filing the list of persons who have paid their poll taxes, to embrace in such list the names of all persons who have paid their poll taxes, or only the names of those who have *personally* paid the same.

That section provides, that after the first day of January, 1904, the treasurer of each county and city shall, at least five months before each regular election, file with the clerk of the circuit court of his county, or of the corporation court of his city, "a list of all persons in his county or city who have paid, not later than six months prior to such election, the State poll taxes required by this Constitution during the three years next preceding that in which such election is held.   *   *   *   "

The language quoted, if construed without reference to the other provisions of article II of the Constitution, is broad enough to make it the duty of the treasurer to embrace in the list required to be made by him all persons who have paid their poll taxes, whether paid in person or by another; for where a person is authorized to make a payment and there is nothing requiring that the payment shall be made personally, he can make it either in person or through some friend or agent, compensated or uncompensated, upon the familiar principle, that acts done by one in behalf of another are valid if ratified either expressly or by implication. *Bennett* v. *Hunter,* 9 Wall, 326, 337-8, 19 L. Ed. 672; *United States* v. *Lee,* 106 U. S. 196, 27 L. Ed. 171, 1 Sup. Ct. 240.

But in construing the language quoted, the other provisions of that article of the Constitution bearing upon the same subject must be considered under the settled rule of interpretation, that the meaning of any particular provision in an instrument is to be ascertained by considering the whole and every part, and that the general intent of its framers must be kept in view in determining the scope and meaning of any part. Sutherland on Stat. Constr., secs. 239, 240; Sedgwick on Constr. of Stats., pp. 235-236; *Chalmers &c.* v. *Funk,* 76 Va. 717; *Immigration Soc.* v. *Com'th,* 103 Va. 46, 48 S. E. 509.

By section 20 of that article it is provided, that any male citizen having the qualifications of age and residence required by section 18 shall be entitled to register, provided, among other things, "that he has *personally* paid to the proper officer all State poll taxes which are required to be paid by him as a condition precedent to his right to register."

By section 21, it is provided, that any person registered under sections 19 and 20 shall, unless exempted by section 22, as a prerequisite to the right to vote after the first day of January, 1904, *"personally* pay, at least six months prior to the election, all State poll-taxes assessed or assessable against him under this Constitution during the three years next preceding that in which he offers to vote."

It is clear from the language of sections 20 and 21, that the poll taxes which a person is required to pay as a prerequisite to his right to register or vote must be personally paid. The principal, if not the only, purpose for which the list is required to be filed is, to provide record, or at least written evidence that the persons named in the list have complied with the provisions of the Constitution in paying their poll tax, so far as such payment is made a prerequisite to their right to vote. This appears from the subsequent provisions of that section, which are as follows:

"The clerk, within ten days from the receipt of the list, shall make and certify a sufficient number of copies thereof, and shall deliver one copy for each voting place in his county or city, to

the sheriff of the county or sergeant of the city, whose duty it shall be to post one copy, without delay, at each of the voting places, and, within ten days from the receipt thereof, to make return on oath to the clerk, as to the places where and dates at which said copies were respectively posted; which return the clerk shall record in a book kept in his office for the purpose; and he shall keep in his office for public inspection, for at least sixty days after receiving the list, not less than ten certified copies thereof and also cause the list to be published in such other manner as may be prescribed by law; the original list returned by the treasurer shall be filed and preserved by the clerk among the public records of his office for at least five years after receiving the same. Within thirty days after the list has been so posted, any person who shall have paid his capitation tax, but whose name is omitted from the certified list, may, after five days' written notice to the treasurer, apply to the circuit court of his county, or corporation court of his city, or to the judge thereof in vacation, to have the same corrected and his name entered thereon, which application the court or judge shall promptly hear and decide.

"The clerk shall deliver, or cause to be delivered, with the poll books, at a reasonable time before every election, to one of the judges of election of each precinct of his county or city, a like certified copy of the list, which shall be conclusive evidence of the facts therein stated for the purpose of voting. The clerk shall also, within sixty days after the filing of the list by the treasurer, forward a certified copy thereof, with such corrections as may have been made by order of the court or judge, to the auditor of public accounts, who shall charge the amount of the poll taxes stated therein to such treasurer unless previously accounted for.

"Further evidence of the prepayment of the capitation taxes required by this Constitution, as a prerequisite to the right to register and vote, may be prescribed by law."

If the list contains the names of persons who have not personally paid their poll taxes and are, therefore, not entitled to vote,

it fails to accomplish the purpose for which it was required to be made and filed, for the judges of election cannot ascertain from it whether or not the persons named in it have paid their poll taxes in the manner prescribed by the Constitution. If it be the duty of the treasurer to embrace in the list all persons who have paid such poll taxes, whether personally or otherwise, then it would be the duty of the court or judge, when applied to, to correct the list in the manner prescribed by section 38, and to place upon the list any such person, although it clearly appeared to the court or judge that he had not personally paid his poll taxes and was, therefore, not entitled to vote; for it is clear that any person, whose name has been improperly omitted from the list by the treasurer, has the right to have his name placed upon it by the court or judge. A construction which leads to such results ought not to be placed upon section 38, if it will bear any other reasonable interpretation, especially when it is manifest that one of the reasons for requiring that the voter should personally pay his poll tax was to remedy a great evil which had prevailed at one time, under the Constitution of 1869. That evil was that political and other organizations, candidates for office and others, paid or caused to be paid the poll tax of voters in order to improperly influence and control the votes of the persons whose poll tax they had paid.

When all the provisions of article II of the Constitution, referred to above, are considered together, as they should be, in construing section 38, in the light of the evil which was intended to be remedied (Sutherland on Stat. Constr., secs. 292, 300), we think that it is clear that it was intended that the treasurer should embrace in the list the names of only such persons as had personally paid their poll taxes. If this be done, then the list will accomplish the purpose for which it was intended; the courts and judges will not be required to place upon the list, in correcting it, the names of persons who are not entitled to vote; and the judges of election will have before them evidence which shows, *prima facie,* at least, who

have paid their poll taxes as required, as a prerequisite to their right to vote.

This construction, as is argued, does place a power in the hands of the treasurer which may be greatly abused; but his power to say *when* the poll tax of any voter was paid is just as liable to abuse as his power to say *how* it was paid, yet there can be no question that he has the former power. Why should he not have the latter when it is no more liable to abuses and is just as necessary as the former to carry out the purpose of the framers of the Constitution? But the legislature, recognizing the fact that these powers might be abused, have greatly lessened that danger by providing, as it had the right to do under the last clause of section 38 of the Constitution, that any elector may, and the judges of election shall, challenge the vote of any person who may be known or suspected not to be a duly qualified voter, and authorizing the judges to inquire into and determine whether or not such person has the right to vote, and to receive or reject his vote as the investigation made in accordance with the statute shows to be proper. Secs. 126, 127, Va. Code, 1904; Acts 1902-3-4, p. 935.

We are of opinion, therefore, that the court of law and chancery erred in sustaining the demurrer to the petition of the plaintiffs in error for a mandamus, and in dismissing the same. Its judgment must be set aside, the demurrer overruled, and the cause remanded to that court with directions to grant the relief prayed for, unless the defendant has made and filed since the beginning of this proceeding such a list as he is required to file under section 38 of the Constitution, as construed by this court in this opinion.

The suggestion in the brief of the defendant in error that the relief prayed for cannot be granted because the time has passed within which the defendant in error has the right to file any list, is without merit. The fact that he may not be able at this time, of his own motion, to do that which he ought to have done, is no reason why the court cannot compel him to do now what he

ought to have done at the proper time, although he may have failed to make and file any list, or has since this proceeding was commenced, made and filed a list not authorized by law, since there is yet sufficient time to file the list, post copies thereof and give opportunity for its correction before the next general election, so as to accomplish the purpose for which it is intended. *State* v. *N. Y. Life Ins. Co.,* 96 Mo. 570, 573-4, 10 S. W. 182; High on Ex. Rem., sec. 14; Spelling on Ex. Rem., sec. 1377.

*Upon petition to rehear.*

By the court:

The question involved in this case, as was stated in the opinion of the court filed with the record when the judgment sought to be reheard was entered, is, "whether it is the duty of the treasurer of a county or city, under section 38, article II, of the Constitution, in making and filing the list of persons who have paid their poll taxes, to embrace in such list the names of all persons who have paid their poll taxes or only the names of those who have *personally* paid the same."

The court was then, and still is, of opinion that the treasurer should embrace in the list the names of such persons only as have personally paid their poll taxes.

What constitutes a personal payment thereof, within the meaning of article II of the Constitution, was not involved in the case—was not argued by counsel for the defendant in error, and was not considered or passed upon by the court. A failure, therefore, to pass upon that question furnishes no ground for granting a rehearing. When a case is before the court in which that question is involved, it will be considered and decided, but until then any expression of opinion on the subject would scarcely be proper, and at most would be mere *obiter.*

The petition to rehear is therefore denied.

*Reversed.*