# Wytheville.

## SMITH, TREASURER, v. BELL AND OTHERS.

### June 13, 1912.

1. ELECTIONS—*Poll Taxes—Payment by Persons Assessable but Not Assessed.*—Under the provisions of section 21 of the Constitution, persons who are assessable with poll taxes, and have paid them to the treasurer, are not disfranchised simply because they had not previously been assessed by the commissioner of the revenue and obtained his certificate of assessment.

2. ELECTIONS—*Delinquent Poll Taxes—To Whom Paid.*—Section 608 of the Code provides that taxes appearing on the delinquent list may be paid to the clerk, or to the auditor, but that they cannot be collected by the treasurer. If, however, delinquent poll taxes are paid by voters to the treasurer, and he pays them over to the auditor, the payment is as valid as if it had been made to the auditor in the first instance. While the State has plenary power to devise adequate means of assessing, levying, and collecting its revenue, subject only to such limitations as may be imposed by the Constitution, the statute may not be so interpreted and enforced as to abridge the elective franchise as guaranteed by the Constitution.

Error to a judgment of the Circuit Court of Princess Anne county in a proceeding by *mandamus.* Judgment for the plaintiffs. Defendant assigns error.

*Reversed.*

The opinion states the case.

*R. R. Hicks* and *Loyall, Taylor & White,* for the plaintiff in error.

*Jeffries, Wolcott, Wolcott & Lankford* and *Nathaniel T. Green,* for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

Article II. of the Virginia Constitution deals with the elective

franchise.   Section 38 of that article provides that, after January
1, 1904, the treasurer of each county and city shall, at least five
months before each regular election, file with the clerk of the
circuit court of his county, or the corporation court of his city,
a list of all persons in his county or city who have paid, not later
than six months prior to such election, the State poll taxes required
by the Constitution.

In compliance with that requirement, the plaintiff in error,
A. C. Smith, as treasurer of Princess Anne county, on May 6,
1911, filed with the clerk of the circuit court of the county a
list of all persons who had paid to him their capitation taxes for
the years 1908, 1909, and 1910, and who were consequently,
*prima facie* at least, entitled to vote at the general election to be
held on November 7, 1911.

On September 2, 1911, the defendants in error filed a petition
in the Circuit Court of Princess Anne county, praying for a *man-
damus* to require the plaintiff in error to return and file with
the clerk a new list of voters who had personally paid their poll
taxes to him for the years 1908, 1909, and 1910, and that he
specially omit from said list the names of certain persons who had
never been assessed with poll taxes as required by law, and certain
other persons included therein who, though they had been assessed
with poll taxes, were returned delinquent for the years 1908 and
1909.

The case was heard upon the pleadings and evidence, and to
an order of the circuit court granting the prayer of the petition
this writ of error was allowed.

It is not denied that, with respect to both classes of persons
who were deprived of their right to vote at the November, 1911,
election, by the order complained of, many of them were either
assessed or assessable with poll taxes under the Constitution,
and had paid their taxes to the treasurer, who accounted for the
same to the auditor of public accounts.   The question, there-
fore, for our determination is, whether these citizens are to be
disfranchised solely because, in case of one class, they paid their
poll taxes to the treasurer without having been previously assessed
by the commissioner of the revenue, and without his certificate of
assessment (Acts 1910, p. 584), and in case of the other class,

because they paid their taxes to the treasurer after they had been returned delinquent. Va. Code, 1904, secs. 605, 606, 607, and 608.

Section 21 of Article II. of the Constitution provides that "any person registered under either of the last two sections shall have the right to vote for members of the General Assembly and all officers elective by the people, subject to the following conditions: That he, unless exempted by section 22, shall, as a prerequisite to the right to vote, after the first day of January, 1904, personally pay, at least six months prior to the election, all State poll taxes assessed or assessable against him, under this Constitution, during the three years next preceding that in which he offers to vote. * * *" *Tazewell* v. *Herman,* 106 Va. 416, 60 S. E. 767, 61 S. E. 752; *Tilton* v. *Herman,* 109 Va. 503, 64 S. E. 351.

It is plain that section 21 contemplates the payment of poll taxes, not only by persons who have been *assessed* with such taxes, but also by persons who are *assessable* therewith. Nevertheless, the decision of the circuit court denies such right to the latter class, and to that extent nullifies the provision and disfranchises citizens who have fully complied with its terms. The order, moreover, strikes from the voting list the names of other citizens, who were assessed by the commissioner of the revenue, and were registered voters of the county, and had paid their poll taxes to the treasurer, *who paid his collections to the auditor,* merely because such payment was made after the taxes had been returned delinquent.

Section 608 of the Code provides that taxes appearing on the delinquent list (returned under section 605) may be paid either to the clerk or to the auditor, but that such taxes cannot be collected by the treasurer.

It may well be that these citizens, by selecting the treasurer as the medium for transmitting their taxes to the auditor, assumed the risk of his discharging that duty; yet, after the money reached the hand of the proper officer, the payment was as valid as if it had been made to him in the first instance. The State undoubtedly possesses plenary power to devise adequate means for assessing, levying, and collecting its revenues, subject only to such limitations as may be imposed by the Constitution; but the confusion in this case arises from the attempt to subordinate the right of

suffrage granted to the citizen, in certain conditions, by the Constitution, to statutory enactments of the character indicated. Such legislation is essential, but it may not be so interpreted and enforced as to abridge the elective franchise as guaranteed by the Constitution.

For these reasons, the order of the circuit court must be reversed, with costs, and the case remanded for further proceedings.

*Reversed.*