## Staunton.

### E. A. ZIGLER V. H. SPRINKEL, TREASURER.

#### September 29, 1921.

1. MANDAMUS—*Public Duty—Interest of Relator.*—When the duty the performance of which is sought to be coerced is a public duty, and the interest relied on by the petitioner in mandamus is the interest which the petitioner has in the enforcement of the laws, then such interest is a sufficient interest to entitle him to maintain mandamus proceedings.

2. ELECTIONS—*Treasurer's List of Voters Who Have Paid Poll Taxes —What Names List Must Include.*—Section 21, Constitution of 1902, provides as a prerequisite to the right to vote that the voter should have paid "at least six months prior to the election, all State poll taxes assessed or assessable against him, under this Constitution, during the three years next preceding that in which he offers to vote." Section 38 of the Constitution and section 109 of the Code of 1919 require county and city treasurers to file a list with the clerk of court of all persons who have paid not later than six months prior to an election, the State poll taxes "required by this Constitution during the three years next preceding that in which such election is held."

   *Held:* That the persons to appear on the treasurer's list are the persons who have paid the poll taxes for any or all of the three years, unless it appears that such persons have failed to pay the assessed taxes for one or more of the years.

3. ELECTIONS—*Treasurer's List of Voters Who Have Paid Poll Taxes —What Names List Must Include.*—In other words, the treasurer's list is not to be confined to those who paid poll taxes for three years, but includes a person who is only assessed or assessable with poll tax for one or two years and who has paid the same, such as minors coming of age and chargeable with only one or two years' taxes, or persons changing their residences and who have paid the taxes required of them as a prerequisite to voting.

4. WORDS AND PHRASES—*"During."*—"During" has the meaning of "in the time of," as well as that of "throughout the course or continuance of," and it is used in section 38 of the Constitution of 1902 in the phrase "during the three years" in the former sense.

Error to a judgment of the Circuit Court of Rockingham county on petition for mandamus. Mandamus denied. Petitioner assigns error.

*Mandamus awarded.*

The opinion states the case.

*John Paul, John W. Morrison* and *Chas. A. Hammer,* for the plaintiff in error.

*H. W. Bertram,* for the defendant in error.

SAUNDERS, J., delivered the opinion of the court.

This is a petition by E. A. Zigler and others, praying the Circuit Court of Rockingham county to award a writ of mandamus, directed to H. A. Sprinkel, treasurer of the city of Harrisonburg, commanding and compelling said treasurer to comply with the requirements of section 38 of the Constitution of Virginia and section 109 of the Code of Virginia, requiring him as such treasurer, at least five months before each regular election, to file with the clerk of the circuit court a list of all persons who have paid, not later than six months prior to such election, the State poll taxes required by the Constitution during the three years preceding the one in which said election is held.

It is alleged in the petition that the petitioner, as well as other citizens of the city of Harrisonburg, are entitled to "the information which the list should embrace, and that the said treasurer is required by law to publish a list which shall correctly set forth the names of persons assessed with capitation taxes, and showing the years for which such taxes have been paid, prior to the six months preceding the general election to be held in November, 1921." It is further alleged that said treasurer has "refused and declined to certify such a list," but has certified to the clerk of the Circuit Court of

Rockingham county a list of persons which purports to be a list of persons in the city of Harrisonburg "who have paid their capitation taxes assessed or assessable against them for the years 1918, 1919 and 1920, prior to and including May 7, 1921," and has certified that the names appearing thereon are a list of voters "who have paid their capitation taxes prior to and including May 7, 1921." Proceeding, the petition charges that this list is incorrect, in that the same does not contain either the names of all young persons who became of age at such time that they were not chargeable with three years' taxes, but chargeable with one or two years only, as the case might be; or the names of those persons who, coming into the city from the counties of this State, or from other States, have paid in said city the taxes required of them as a prerequisite for voting. The petition alleges that the number of these omitted persons is considerable.

The defendant treasurer demurred to this petition, but his demurrer was overruled. Thereupon, he filed an answer in which, among other things, he alleged that he was required by law to file a list of those persons only who had paid their taxes for the full period of three years next preceding the year in which an election is held, and not less than six months prior to said election. In this regard the treasurer specifically states: "Respondent further says that he is advised that all that he is empowered and required to do is to place upon said list such persons as he has legal knowledge and information have paid all of the taxes assessed, or assessable, against them for the years 1918, 1919 and 1920, and paid within the period prescribed by law, and that this has been done by him in the list certified by him to the clerk as above stated."

The case was heard upon the petition and the answer of the defendant, and the trial court, for reasons expressed in writing and lodged with the papers as a part of the order,

denied the petition for mandamus. To this action of the trial court a writ of error and supersedeas was awarded by one of the judges of this court.

[1] The demurrer to the petition for mandamus was properly overruled. When the duty, the performance of which is sought to be coerced, is a public duty, and the interest relied on by the petitioner in mandamus is the interest which the petitioner has in the enforcement of the laws, then such interest is a sufficient interest to entitle him to maintain the proceeding. *Clay* v. *Dollard*, 87 Va. 787, 794, 13 S. E. 262.

"Where the question is one of public right and the object of the mandamus is to procure the enforcement of a public duty, the people are regarded as the real party, and the relator at whose instigation the proceedings are instituted need not show that he has any legal, or special, interest in the result, it being sufficient to show that he is a citizen and as such interested in the execution of the laws." High on Extr. Rem., sec. 431. See also *Tazewell* v. *Herman*, 108 Va. 416, 60 S. E. 767, 61 S. E. 752, and *Smith* v. *Bell*, 113 Va. 667, 75 S. E. 125.

[2-4] The learned judge of the trial court, in construing section 38 of the Constitution, and interpreting it to mean that the persons to appear on that list are the persons who have paid their poll taxes for the entire period of three years next preceding the year of election, considers that the "case turns upon the meaning to be given to the words, 'during the three years,' as used in the section *supra* of the Constitution." He concludes that the word "during," as used, means "throughout the course or continuance of." Hence, the further conclusion that the persons to be listed are the persons who have paid their poll taxes "throughout the continuance of" the entire period of three years.

In aid of this conclusion he cites the use of the word "during" in other sections of the Constitution. For instance, in

section 21 it is provided that a duly registered person shall have the right to vote, provided that he, unless exempted, shall have personally paid "at least six months prior to the election, all State poll taxes assessed, or assessable, against him under this Constitution during the three years next preceding that in which he offers to vote," etc. Obviously, the word "during" in the foregoing connection does not mean "throughout the continuance of," in the sense that such a registered person, as a prerequisite to voting, must have paid taxes for each of the years embraced in the three year period. On the contrary it means that as a prerequisite for voting such registered person must pay the taxes with which he is assessed, or for which he is assessable, during said three year period. If he is assessable with poll taxes for two years only of the three year period, and pays those taxes, whether assessed or not, he is entitled to vote. So, if he is assessable for only one year, and pays that tax. Such persons have paid all the taxes required of them by the Constitution as a prerequisite of the right to vote, during the three year period, whether their payments were for one year, or for two years, and are as fully endowed by the Constitution with the right to vote as the person who is assessable with poll taxes for each year of the three year period, and has paid the same. Hence, the meaning of the word "during" in this section is the meaning given by Webster—that is to say, "in the time of." If the meaning suggested in the opinion of the learned trial court is given to this word in the foregoing connection, it would inevitably follow that a duly registered person, liable for poll taxes for only one year, or two years, of the three year period, would not become entitled to vote upon the payment of such taxes, since obviously he has not paid for the full period of three years, though he has paid in full the poll taxes required of. him during such period.

Section 21 prescribes the conditions for voting of a reg-

istered person.  Section 38 is intended to furnish the evidence that the registered person has qualified himself to vote by the discharge of the requirements imposed by the section *ubi supra*.

In the case of *Tilton* v. *Herman,* 109 Va. 503, 64 S. E. 351, this court construed the meaning and effect of the words "personally paid."  Referring to the treasurer's list, the court used the following language: "This case is the sequel of the case of *Tazewell* v. *Herman,* 108 Va. 416, 60 S. E. 767, 61 S. E. 72, recently decided by this court, in which it was held that the list to be made up and filed by the treasurer should contain only the names of those persons who at least six months prior to the election had personally paid the poll taxes required of them as a prerequisite to their right to register and vote at an ensuing regular election."

If the view taken of the list in this citation is the correct view, then unquestionably a treasurer must place on his list the names of all persons who at least six months prior to an election have *"personally paid the poll taxes required of them as a prerequisite to their right to register and vote* at the ensuing regular election."  (Italics supplied.)  In some cases the prerequisite to vote is the payment of one year's poll tax, in other cases it is the payment of poll taxes for two years, in still other cases it is the payment of poll taxes for three years; but there is no distinction in the right to vote of the persons in these three classes, provided the poll taxes are paid as required.  Hence, when the court said in *Tilton* v. *Herman, supra,* that the treasurer's list, as made up and filed, should contain only the names of those persons who had personally paid the poll taxes required of them as a prerequisite to their right to vote, this requirement as to the contents of said list included every person who, with respect to the payment of poll taxes as a prerequisite to his right to vote, had discharged the obligation imposed upon him individually in this regard by the positive mandate of the Constitution.

Article II of the Virginia Constitution deals with the elective franchise.   Section 38 is a part of that article.   This section provides for a list which is to be used at the elections established by law.   It is an election list, and affords evidence of the prepayment of the capitation taxes required by the Constitution as a prerequisite to the right to register and vote.   A person who is only assessed, or assessable, with poll tax for one or two years, as the case may be, and who has paid the same as required for voting purposes is entitled to vote, and in consequence to have the treasurer's list afford evidence of this prepayment.   This is considered to be in harmony with reason and the proper construction of the constitutional provisions.

As this court has said, in *Tazewell* v. *Herman,* 108 Va. 421, 60 S. E. 768: "The principal, if not the only, purpose for which the treasurer's list is required to be filed, is to provide a record, or at least written evidence that the persons named in the list have complied with the provisions of the Constitution by paying their poll taxes, so far as such payment is made a prerequisite to their right to vote."   Section 38 provides how persons omitted from the treasurer's list may secure a place on same.   But this right to apply to the court to correct said list is afforded to all those persons who have paid their capitation taxes and whose names have been improperly omitted.   In the view of the learned judge of the Circuit Court of Rockingham county, only those persons who have paid their poll taxes for the full three years preceding the election year are entitled to a place on the list.   Hence, if the name of such a person has been erroneously omitted for one of the three years in question, he is entitled to the aid of the court to have his name entered for the omitted year.   But as a corollary to this ruling, it would follow that a person who has paid the taxes required of him, whether it be for one or two years, has no right to apply to the court for a place on the list, since he was not originally

entitled to be included by the treasurer, and therefore has not been improperly omitted. The language of section 38 does not justify the foregoing limitation of persons entitled to a place on the list, and hence entitled, if omitted, to apply to the court for relief. Says the section: "Within thirty days after the list has been posted, *any person who shall have paid his capitation tax,* but whose name is omitted from the certified list, may," etc. (Italics supplied.) The words "any person who shall have paid his capitation tax, but whose name is omitted from the certified list," etc., are certainly comprehensive enough to include the persons who are chargeable for the purposes of voting, with one or two years taxes only, and who have paid the same. Moreover, the reason of the law advises us that it was intended to apply to such persons as fully as to persons who have paid for three years. A person who is chargeable with poll taxes for a lesser period than three years, and pays the same within the prescribed time, is as fully entitled to vote by virtue of section 21, if otherwise qualified, as the person who pays for the full three years. Hence, the same fundamental considerations which cause the names of voters in the latter class to be placed on the treasurer's list, which is evidence "that the provisions of the Constitution have been complied with by the payment of poll taxes, so far as such payment is made a prerequisite to their right to vote," indicate as compellingly that all other persons who have paid, as required by the Constitution for the purposes of voting, the poll taxes with which they are assessed or assessable, are entitled to a like inclusion in said list. If a person who has paid one year's tax in another county, and two years' taxes in the county in which he offers to vote, or a person coming from another State, who is chargeable with capitation taxes for only one or two years and has paid the same, or a young man who is chargeable with and has paid his taxes for a like period, is not entitled to be placed upon the treasurer's

list, then it follows that in exercising the right to vote afforded by section 21, such voter must prove the prepayment of his capitation taxes six months prior to the election by means of his receipted tax tickets, or otherwise. The necessity of recourse to such evidence was regarded as an evil, and was intended to be avoided by the framers of the Constitution when they enacted section 38, providing for the preparation and posting of a treasurer's list of voters who had conformed to the constitutional requirements in respect of the payment of their poll taxes. Section 38 provides that the treasurer's list shall contain the names of "all persons in his county or city who have paid, not later than six months prior to such election" (*i. e.*, the succeeding general election) "the State poll taxes required by this Constitution during" (*i. e.*, in the time of) "the three years next preceding that in which such election is held," etc. The use of the word "required" is significant. Evidently it refers to the poll taxes necessary to be paid by the individual persons as a prerequisite to the right to register and vote. These persons are not concerned with paying, for the purposes of registry and voting, any taxes other than their own, nor for such purposes are they required to pay any poll taxes save those with which they are assessed or assessable. Light is cast upon the purpose of the treasurer's list and the meaning of the word "required" in the foregoing connection by a later paragraph of this section which says: "Further evidence of the prepayment of the capitation taxes required by this Constitution as a prerequisite to the right to register and vote, may be prescribed by law." The clear implication of this latter paragraph is that the treasurer's list is evidence of the prepayment of the capitation taxes required by the Constitution, as a prerequisite to the right to register and vote. Hence, the persons who have prepaid to the treasurer the capitation taxes required of them respectively, as a requisite to voting, whether the same was for one year,

two years, or three years, are equally entitled to be placed upon said treasurer's list and to enjoy the benefit to be derived therefrom.

Amplifying a portion of the first sentence of section 38, according to its true meaning, the same would read: "A list of all persons in his county, or city, who have paid to such treasurer, not later than six months prior to such election, the State poll taxes required by this Constitution of said persons, respectively, in the time of the three years next preceding that in which such election is held, as a prerequisite to the right to register and vote," etc. This list, as stated *supra*, is a list for voting purposes, and must be considered from that point of view. It is true that the clerk is to forward a certified copy of the corrected list to the auditor of public accounts, but this is only as a check upon the treasurer, since he is not to be charged with "the amount of the poll taxes stated therein," when he has previously accounted for the same.

The learned judge of the trial court makes a distinction between young men coming of age after February 1st of a year in which an election is held and those who come of age before February 1st of said year. For instance, in any given year, say the year 1921, some young men may come of age after February 1st of that year while others may have become twenty-one prior to that date. With respect to young men in the former class, the opinion seems to conclude that their names should go on the treasurer's list for the year 1922, and, if their taxes continue to be paid, for the year 1923, and of course for the year 1924. With respect to the young men in the latter class, *supra*, and persons who have not resided in the State long enough to be chargeable with three years' taxes, as well as persons who have paid taxes for one, or two, years in another county, the trial court considers that they must use their tax receipts, or in the case of the voters from another county their tax

27

certificates, to prove the payment of their taxes to the judges of election—that is to say, they must use them until they shall have paid their taxes for the full period of three years, when they will go upon the list. Why the Constitution should be so construed as to make these distinctions, thereby keeping the names of the foregoing persons from the treasurer's lists, and compelling the undesirable use of tax receipts to prove the necessary prepayment of the poll taxes required by the Constitution, is not apparent. Of course, as to persons coming from another county, the law provides for the use of the certificate of the treasurer of the former county to prove the payment of taxes in that county, but the taxes for the one year, or two years—succeeding, are paid to the treasurer of the new county of residence. If, as stated in *Tazewell* v. *Herman, supra,* the principal if not the only purpose for which the list is required to be filed is to provide written evidence that the persons named in the list have complied with the provisions of the Constitution by paying their poll taxes so far as such payment is made a prerequisite to their right to vote, it is not perceived why all persons who have complied with the Constitution in this respect, and who are not otherwise provided by law with a prescribed means of proving such payment, are not entitled to be upon this list and to the use of same as evidence of prepayment, inasmuch as this list is made conclusive evidence of the facts therein stated for the purpose of voting.

Counsel for defendant contends in his brief that, "as to persons coming into a county, or city, from another State, at such time as would entitle them by virtue of the two year period of residence to vote, and who would therefore be required to pay taxes for one year only, and have paid them, but have been omitted from the list, ample provisions have been made, both by section 38 of the Constitution and section 110 of the Code, whereby they may have their names placed upon said list upon personal application to the court,

or the judge in vacation, and the introduction of proof to establish their right, even if it should be held that these persons would not be entitled to vote on the certificate of the treasurer under the provisions of section 115 of the Code." But a person applying to the court under section 110 of the Code to be placed upon the treasurer's list, must establish that he has paid his capitation taxes, otherwise he has not been improperly omitted. Improper omission carries the implication that the party complaining should have been properly included in the first instance. Hence, if the per-sons referred to in the citation *supra,* are entitled to estab-lish in court the payment of their poll taxes, and the con-sequent right to a place on the treasurer's list, from which they have been improperly excluded, it would seem that such persons should have been primarily included in said list. Their right to such primary inclusion is established by the conclusion of law that all persons who have paid their poll taxes within the three year period and whose names are not found on the treasurer's list have been improperly excluded therefrom.

Confining our holding to the narrow issue presented in the instant case, we conclude that it is the duty of the treasurer of the city of Harrisonburg to put upon his list the names of all persons within his city who have been assessed with and personally paid, not later than six months prior to the general election in November, 1921, their State poll taxes for all or any of the years 1918, 1919 and 1920, unless it appears to said treasurer from the books and papers of his office that such persons have failed to so pay the taxes with which they have been assessed for one or more of the fore-going years. Persons thus delinquent should not be placed upon the list.

This court will therefore enter an order (a copy of which when served shall have the force and effect of a writ of mandamus), requiring the treasurer of the city of Harrison-

burg to forthwith make out, certify and file with the clerk of the Circuit Court of Rockingham county a list including the names of the persons ascertained in the above finding to be entitled to a place on same, but who have been heretofore omitted. This list shall be arranged alphabetically by wards, and shall state the white and colored persons separately, and shall be verified by the oath of the treasurer.

*Mandamus awarded.*