SOLOMON K. LALAKEA AND MOLLIE PANG LA-
LAKEA *v.* LAUPAHOEHOE SUGAR COMPANY,
ET AL.

Nos. 2326 AND 2327.

FILED JANUARY 15, 1940.              DECIDED MARCH 19, 1940.

COKE, C. J., PETERS, J., AND CIRCUIT JUDGE LE BARON
IN PLACE OF KEMP, J., DISQUALIFIED.

*Per Curiam.*  This is a petition for a rehearing filed by Solomon K. Lalakea and Mollie Pang Lalakea.  The opinion of the court, in respect of which a rehearing is prayed, is reported *ante,* p. 262.

The petition contains no recognized ground for a rehearing.  It is patently an attempt to obtain, through the media of the "explanations," the opinion of this court upon anticipated contingencies that may arise before the trial judge, upon the further trial of this case, in the event that he, differently from his predecessor, holds that the property, as to which estates for life were found to exist, could be partitioned in kind without great prejudice to

the owners. The petition alleges that certain statements contained in the opinion are "inconsistent" and "contradictory" and unless explained it is not clear whether, in the event that the trial judge upon further hearing of the case finds that partition may be made in kind, he is authorized under the statutes to allocate to life tenants and contingent remaindermen, respectively, equivalents in severalty in fee simple in possession for the respective interests and estates held by them.

All that this court decided upon the issues of partition was that the circuit judge at chambers has jurisdiction to partition property either in kind or sale for division where the property sought to be partitioned or undivided interests therein are subject to life estates in possession and "where, as here, it appears that the parties interested in a fund representing the net proceeds of sale in partition which is subject to estates for life have not agreed upon the sums in gross to be paid and accepted by the life tenants as the equivalents of their respective interests therein, there is no alternative under the statute but for the court to preserve the fund intact and direct that the same be invested and the income thereof paid and the corpus eventually transferred to the persons entitled thereto as they shall respectively be or become entitled." There was no question presented to the court by any of the appellants, including these movants, involving partition in kind, much less the question whether, under the statutes, the circuit judge was authorized to allocate to life tenants and contingent remaindermen, respectively, equivalents in severalty in fee simple in possession for the respective interests and estates held by them. An abortive allocation had been made by the trial judge to the Laupahoehoe Sugar Company in severalty in fee simple of a perpetual right of way twenty feet wide over part of the lands in which the Laupahoehoe Sugar

Company claimed an undivided interest for the life of Solomon K. Lalakea but the movants, by their assignments of error, made no objection thereto and the only appellants objecting to this allocation did not raise the point. Nor did the court in its opinion consider it.

A petition for a rehearing cannot be used for the purpose of obtaining an explanation of the court's language in its opinion where no claim is made that the conclusion of the court is erroneous. "The opinion states the questions submitted to and considered by the Court and the general principles of law which the Court took as its guide in determining them. The decision may rest upon faulty reasoning and thereby may exist a difference of opinion between counsel and the Court but it cannot be challenged by way of an application for a rehearing, which must call attention to some fact or point involved in the case which the Court in its opinion omitted to consider and which would necessitate the application of a different principle of law and consequently different judgment." *Atlantic Coast Line R. R. Co.* v. *City of Lakeland,* 94 Fla. 347, 377, 115 So. 669.

Nor may this court upon a rehearing consider questions of law presented for the first time by a petition for a rehearing. The failure of the court to pass upon questions of law not involved in the case and neither presented by counsel nor considered by the court furnishes no ground for a rehearing. When a case is before the court in which is involved the questions presented by the petition for rehearing they will be considered and decided; "but until then any expression of opinion on the subject would scarcely be proper, and at most would be mere *obiter.*" *Tazewell* v. *Herman,* 108 Va. 416, 425, 60 S. E. 767.

The motion for a rehearing is denied.

*H. R. Hewitt, C. N. Tavares* and *T. M. Waddoups* for the petition.