DAVID STOTT FLOUR MILLS *v.* SAGINAW COUNTY FARM BUREAU.

1. CORPORATIONS—AUTHORITY OF OFFICER TO BIND BY ADMISSIONS.
   An officer of a corporation should not be permitted, with-out authority, to impose a liability upon the corporation or bind it, by an admission.

2. SAME—PLEADING—AMENDMENT—ADMISSION BY OFFICER OF COR-PORATION.
   Where, in an action against a corporation organized under Act No. 171, Pub. Acts 1903, for the breach of certain contracts, after defendant had pleaded the general issue and given notice of special defenses, it was called to the trial court's attention, by an affidavit of one of defend-ant's officers, that the person who executed said contracts as defendant's manager had no legal authority to do so, the court properly allowed amendment of the pleading to conform to said defense, over plaintiff's objection that under Circuit Court Rule No. 23, § 6, the pleading as first filed, in effect, admitted the execution of said contracts; a more liberal rule being applicable to corporations, such as defendant, than to an individual.

3. PRINCIPAL AND AGENT—HOLDING OUT AS AGENT—ESTOPPEL.
   The holding out of another as an agent to act in a given capacity, or knowingly and without dissent permitting him to do so, or where the habits and course of dealing have been such as to warrant a presumption of authority, to constitute an estoppel it must also appear that persons claiming rights by reason thereof have relied thereon in good faith and in the exercise of reasonable prudence.

4. CORPORATIONS — PRINCIPAL AND AGENT — ESTOPPEL — QUESTION FOR JURY.
   Whether defendant corporation, under the circumstances of this case, was estopped from denying the authority of its purported agent in executing contracts in its behalf, *held*, a question for the jury which was presented under proper instructions.

[1]Corporations, 14a C. J. § 2337; [2]Agency, 2 C. J. §§ 71, 73; Corporations, 14a C. J. § 2973; [3]Agency, 2 C. J. §§ 93, 108; [4]Cor-porations, 14a C. J. § 2258.
   237—Mich.—42.

5. PRINCIPAL AND AGENT—RATIFICATION — PRINCIPAL MUST HAVE KNOWLEDGE OF MATERIAL FACTS.

A person may impliedly ratify the act of one assuming to act as his agent by conduct which on his part constitutes an assent to the acts in question, but a knowledge of the material facts on which such conduct was based must be brought home to him.

6. SAME—PROOFS INSUFFICIENT TO TAKE QUESTION OF RATIFICATION TO JURY.

Proofs as to the ratification by defendant corporation of the acts of its purported agent in making the contracts in question, *held*, insufficient to take said question to the jury.

Error to Saginaw; Snow (Ernest A.), J. Submitted October 12, 1926. (Docket No. 73.) Decided April 1, 1927.

Assumpsit by the David Stott Flour Mills, Incorporated, against the Saginaw County Farm Bureau for breach of contracts for the sale of flour. Judgment for defendant. Plaintiff brings error. Affirmed.

*Naegely & Pierson,* for appellant.

*Purcell & Picard,* for appellee.

SHARPE, C. J. The plaintiff is a corporation engaged in manufacturing and dealing in flour, with headquarters at Detroit. The defendant corporation was organized on November 15, 1920, under Act No. 171, Pub. Acts 1903 (2 Comp. Laws 1915, § 9054 *et seq.*). Its objects, as stated in its articles, are to—

"correlate and promote efforts of the local association of farmers  *  *  *  educationally, legislatively and economically, by doing primarily and principally for the members, and not for pecuniary profit, the following, namely, buying and selling merchandise, farm machinery, fertilizer, stock feeds, live stock, or any other farm products whatsoever,"

[5]Corporations, 14a C. J. § 2259; 21 R. C. L. 229; 3 R. C. L. Supp. 1204; 4 R. C. L. Supp. 1439; 6 R. C. L. Supp. 1295.

—by operating warehouses, elevators, etc., and by securing better results in grading, packing and marketing farm products. There were nine local associations in the county. Some of its members and others had, before its incorporation, voluntarily associated themselves together under the same name as that assumed by the corporation.

On October 6, 1920 (before defendant's incorporation), the plaintiff and the Saginaw County Farm Bureau entered into a written contract whereby the plaintiff agreed to sell and the bureau agreed to purchase 1,000 barrels of flour at the price of $11.25 per barrel, "to be delivered at f. o. b. Saginaw." This instrument was executed by the Saginaw County Farm Bureau as purchaser "By A. G. Bovay, Mgr."

A similar contract, executed in the same manner, was entered into on November 15, 1920, for 500 barrels at $11.10 per barrel, and a third, in somewhat different form, on November 15, 1920, for 2,000 barrels at $10.70 per barrel. All of these instruments provided the manner in which the seller's damages should be determined in case the buyer refused to accept delivery. Plaintiff claims to have delivered and received payment for 250 barrels under the first contract; that defendant accepted 45 barrels under the second contract and paid a part of the price therefor, and that it refused to accept delivery of the balance of the flour, and it brought this action to recover its damages for nonfulfillment by the defendant. The jury found for the defendant, and plaintiff here reviews the judgment entered thereon by writ of error.

1. Defendant's Plea. Copies of the contracts were annexed to plaintiff's declaration. The defendant pleaded the general issue, and gave notice of several special defenses. A few days before the trial began, it filed an affidavit of Thomas C. Price, a member of its executive committee (provided for in its articles

and by-laws), and who was its president in 1920, in which he stated that A. G. Bovay, who executed the several contracts as manager of the defendant, and for and on its behalf, had no legal authority to do so, and that the same were not binding on the defendant. The court thereupon entered an order that the pleading of the defendant be amended to conform thereto, but the formal pleading was not then filed. At the opening of the trial, plaintiff's attorneys offered the contracts in evidence. The defense objected. It appearing that the amendment to the plea had not been filed, the court ordered it to be then filed, and offered to grant plaintiff's counsel further time to make proof of Bovay's authority to execute the contracts. This offer was not accepted, and the trial proceeded. The court submitted the question of Bovay's authority to the jury.

Plaintiff's counsel insist that, as the notices of defense first filed, in effect, admitted the execution of the contracts, the court was in error in refusing to admit them in evidence without proof. (Circuit Court Rule No. 23, § 6.) The defendant is a corporation. One of its officers should not be permitted, without authority, to impose a liability upon it, or to bind the corporation by an admission, if his unauthorized act was called to the court's attention, as was done in the affidavit of Mr. Price, and plaintiff's rights as to time to present proofs of Bovay's authority were properly protected. While an individual defendant might not be permitted to change front in his pleadings, we think a more liberal rule should be applied to a corporation such as defendant, organized "not primarily nor principally for pecuniary profit." If Bovay had no authority to execute the contracts on behalf of defendant, its members should not be bound thereby. Plaintiff was accorded ample opportunity to make proof of his authority. The ruling of the court, requiring it to do so, was, we think, without error.

2. Authority of Bovay.   The affairs of the defendant company were, under its articles and by-laws, in the hands of an executive committee, composed of its president, vice-president, secretary-treasurer, and four members, "all of whom shall be actually engaged in farming," to be elected by the board of delegates at its annual meeting.   This committee was empowered "to appoint and employ such agents as may be necessary for the conduct of its affairs."   There is no evidence that Bovay was ever appointed or employed to perform any service for the defendant.   He received no compensation from it.   He was what is known as "county agricultural agent" for the county of Saginaw, and was paid for the service rendered by him in part by the State of Michigan, in part by the Federal government, and in part by the county of Saginaw. His duties were educational: to co-operate with the State Farm Bureau and the defendant in such matters as relate to farming, and to aid the farmers of the county by advice and suggestions as to the cultivation of their crops, the raising of stock, the importance of using pure seed, and other matters of like nature.

Plaintiff does not claim that it produced proof that any specific authority to execute the second and third contracts was conferred on Bovay by the officials of the defendant.   It does claim that—

"defendant permitted Mr. Bovay to hold himself out as manager; to have his name printed on the letter-heads of the defendant as Farm Bureau manager and to have his name printed as Farm Bureau manager on the printed by-laws of the defendant.   It allowed him to write letters to plaintiff with regard to these very contracts where he held himself out to be manager,"

and it insists that—

"under these facts and all the facts and circumstances in this case the defendant was estopped to deny the authority of Mr. Bovay to enter into the contracts."

It relies on the holding in *Plankinton Packing Co.* v. *Berry,* 199 Mich. 212, 216, the rule stated in 2 C. J. pp. 461-463, and the cases cited in the note thereto, to sustain this claim.

The rule stated in the *Plankinton Case* cannot be questioned. But it is clearly stated therein that in order for the holding out of another as an agent to act in a given capacity, or knowingly and without dissent permitting him to do so, or where the habits and course of dealing have been such as to warrant a presumption of authority, to constitute an estoppel it must also appear that persons claiming rights by reason thereof "have relied thereon in good faith and in the exercise of reasonable prudence."

The rule is perhaps quite as clearly stated in *Clark* v. *Dillman,* 108 Mich. 625, as follows:

"There must be conduct calculated to mislead, and it must be under circumstances which justify the claim that the alleged principal should have expected that the representations would be relied and acted upon; and, further, it must appear that they were relied and acted upon, in good faith, to the injury of an innocent party."

The trial court submitted the issue thus presented to the jury in instructions of which no complaint can be well made. Clearly, the plaintiff was not entitled to a peremptory instruction that defendant was estopped from denying the authority of Bovay to bind it. Neither of plaintiff's salesmen who participated in the making of these contracts testified to any facts relating to Bovay's authority to bind the defendant, on which they relied. The instructions in this respect were certainly as favorable as plaintiff was entitled to.

3. Ratification. Plaintiff insists that there is proof that defendant accepted deliveries of flour under the contracts, and made payments thereon, and it requested

an instruction that such acceptances and payments amounted in law to a ratification of the contracts and estopped defendant from denying the execution of them. There was no acceptance of flour by any of the officials of the company, nor were any payments made by the defendant with the knowledge of such officials. Defendant's books show that a check for $100, dated February 15, 1921, and one for $100, dated March 25, 1921, were sent to the plaintiff and charged up to "Salable Supplies." These books were kept by Mabel Lyness, an employee of the defendant. She testified that she was unable to recall the transaction, and further:

"Sometimes those locals order things and it would come with a sight draft and bill of lading, I would take care of it for them until they could get the money, and they would have to pay storage charges. I would take care of the sight draft at the bank until they could come in and do it."

There is no proof that any of the defendant's officials, charged with the conduct of its business, knew that such payments were made to the plaintiff, or in any way consented to the use of the money of the corporation for such purpose.

It is well settled that a person may impliedly ratify the act of one assuming to act as his agent by conduct which on his part constitutes an assent to the acts in question. But a knowledge of the material facts on which such conduct was based must be brought home to him. In 21 R. C. L. p. 929, it is said:

"According to recent authority, ratification of a past and completed transaction, into which an agent has entered without authority, is a purely voluntary act on the part of the principal; no legal obligation rests upon him to sanction or adopt it; no duty requires him to make inquiries concerning it. And reasoning thus, the opinion has been expressed that ratification of an antecedent act of an agent which was unauthorized cannot be held valid and binding where the person

sought to be charged had misapprehended or mistaken material facts, although he may have wholly omitted to make inquiries of other persons concerning them, and his ignorance and misapprehension might have been enlightened and corrected by the use of diligence on his part to ascertain them."

The following cases lend support to this holding: *Palmer* v. *Williams*, 24 Mich. 328; *Hurley* v. *Watson*, 68 Mich. 531; *Cowan* v. *Sargent Manfg. Co.*, 141 Mich. 87; *John R. Carpenter Co.* v. *Horner*, 220 Mich. 15.

Applying the rule stated to the facts here presented, we are of the opinion that there was no sufficient proof to justify the submission of this question to the jury.

The other assignments relate to matters affecting the amount of the verdict, had the jury found for the plaintiff.    To find a general verdict for the defendant, they must have concluded that the contracts executed by Bovay were not binding upon the defendant.    These assignments need not, therefore, be considered.

The judgment is affirmed.

BIRD, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred. WIEST, J., concurred in the result. SNOW, J., did not sit.