VANDE BERG v. VANDEN BOSCH.

1. FRAUDS, STATUTE OF—CONTRACT REMOVED FROM OPERATION OF STATUTE WHERE NONENFORCEMENT WOULD BE A FRAUD.

Where parties have performed, on their part, an agreement for an exchange of property so that its nonenforcement, as to them, would be a fraud, the contract is removed from the statute of frauds, and should be enforced (3 Comp. Laws 1915, § 11975).

2. HUSBAND AND WIFE—ESTATES BY ENTIRETIES.

Neither the husband nor the wife alone can contract effectually to sell property owned by them as tenants by the entireties.

3. FRAUDS, STATUTE OF—SPECIFIC PERFORMANCE—ORAL CONSENT OF WIFE—PARTIAL PERFORMANCE.

Where a husband and wife agreed to exchange a house and lot owned by them by the entireties, the husband in writing and the wife orally, and the other parties performed, on their part, so that the nonenforcement of the contract, as to them, would be a fraud, it is removed from the operation of the statute of frauds, and should be enforced the same as though the wife had signed it.

Appeal from Ottawa; Cross (Orien S.), J.    Submitted January 6, 1928.    (Docket No. 102.)    Decided February 14, 1928.

Bill by John Vande Berg and another against Cornie Vanden Bosch and another for specific performance of an agreement for the exchange of real estate.    From a decree for plaintiffs, defendants appeal.    Affirmed.

*Robinson & Parsons,* for plaintiffs.

*Fred T. Miles,* for defendants.

¹Frauds, Statute of, 27 C. J. § 427; ²Husband and Wife, 30 C. J. § 102; ³Specific Performance, 36 Cyc. p. 688.

CLARK, J.     The following is quoted from the opinion of the trial court:

"The bill of complaint was filed in this cause for specific performance of an agreement to exchange real estate.    Issue was joined and proofs taken in open court.    The proofs show that the plaintiffs owned a farm and the defendants owned a house and lot, that in each instance the title was held by the entireties, and that plaintiffs desired to exchange their farm for the house and lot.    A written agreement was prepared and was signed by all of the parties, except the defendant Gertrude Vanden Bosch.    She was not asked to sign the written agreement.    She knew of all the terms of the agreement of exchange in so far as same affected her rights.    With this knowledge she attended the sale of the personal property held on the farm of the plaintiffs, and her husband bought some $570 worth of personal property at the sale.    She talked with the plaintiffs in regard to making an exchange of some of the household property.    She bought one article of personal property of the plaintiffs to be used in the house that was exchanged for the farm.    On the day of the sale she asked the plaintiffs if they could move the next . day, so that defendants might take possession of the farm.    Later she ordered a moving van and, in the absence of her husband, directed the moving of their household furniture to the farm.    She went to the farm, settled the household furniture and established their home there.    All this was done without any objection or protest on her part to any-one.    After the defendants had moved onto the farm, she was called on the telephone and asked to call at the real estate office and sign the deed of the house and lot, she promised to do so during the afternoon, but did not call at the office.    During the afternoon a. windstorm blew the barn down and afterwards when requested to sign the deed she refused to do so.    Upon the trial she frankly admitted that she would have signed the. deed as requested if the barn had not blown down.    The testimony shows that she agreed to exchange, and that she should carry out the terms of the agreement."

The plaintiffs made and executed a deed of the farm

to defendants and delivered it as contemplated to the broker who acted in this matter for both the parties. Plaintiffs suffered loss by reason of the sale of farm chattels and in preparation to leave the farm.    They were to give $300 to boot on the exchange.    Defendants purchased and took chattels at the sale, of the total sale price of $570, of which it was agreed $300 was to be in payment of the boot.    Plaintiffs have paid the full price and have taken and kept possession of the house and lot.    Defendants took possession of the farm and they accepted payment of the boot. Plaintiffs had decree.    Defendants have appealed.

No question of homestead is raised or discussed in the case.    The first contention is that the plaintiffs have failed to establish a clear definite agreement on the part of Mrs. Vanden Bosch to convey.    The agreement admittedly signed by her husband is definite enough.    The record shows that she assented to it, orally agreed to convey, to make the agreed exchange. We are in accord with the finding of the trial judge.

Plaintiffs have performed the agreement on their part, and are in such a situation, as the record discloses, that the nonenforcement of the agreement, as to them, would be a fraud.    The case is therefore removed from the operation of the statute of frauds. Section 11975, 3 Comp. Laws 1915; 27 C. J. p. 343.

It is true that neither the wife nor the husband alone can contract effectually to sell property owned by them as tenants by the entireties.    *Way* v. *Root,* 174 Mich. 418.    But it is contended and proved here that both defendants, husband and wife, agreed to exchange —made the contract to exchange—one in writing, the other orally, and, as we have seen, the oral contract, in the circumstances, is removed from the operation of the statute of frauds, and therefore the contract or agreement with respect to both defendants is valid and existing.    In principle and in this regard the

case would not be different if the defendant wife had indorsed her assent in writing on the agreement signed by the remaining parties.

In *Stenson* v. *Elfmann,* 29 S. D. 59 (135 N. W. 694), and in *Schwoerdfeger* v. *Kelly,* 223 Pa. 631 (72 Atl. 1056), the husband had signed the contract and the wife had not.   Specific performance was refused, but it is indicated that the wife might have been held had the evidence established as to her an oral contract to convey.

In *Agar* v. *Streeter,* 183 Mich. 600 (Ann. Cas. 1916E, 518), the wife's name was omitted from the body of the instrument which she with her husband had signed, held, not fatal to an option to convey contained in the instrument.   In *Bovine* v. *Selden,* 155 Mich. 556 (130 Am. St. Rep. 579), the assignment of a land contract constituting a homestead by the husband, without the signature of the wife, was held effectual as the wife had voluntarily abandoned the homestead for another and the assignee had made improvements. See, also, *Stotts* v. *Stotts,* 198 Mich. 605.

No other question calls for discussion.

Decree affirmed, with costs to plaintiffs.

NORTH, FELLOWS, WIEST, McDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.