Forrest M. LAIDLEY, Harry A. Tremaine, Edward T. Prosser, Theodore Donaldson and August H. Schenck, copartners doing business as Hicks and Price; and George P. Vye, doing business as George P. Vye & Company, Plaintiffs,

v.

William S. HEIGHO, Frederick Huetwell, Frederick G. L. Huetwell, Elizabeth M. H. Norton, Frank W. Barnard, Grace Barnard, Paul J. Povenz, Eva A. Povenz, Julius A. Oestrich, Anna L. Oestrich, David A. Ramsay, Lucinda A. Ramsay, Dorothy Lauver Heigho, also known as Dorothy L. Heigho, Dorothy Lauver Heigho as guardian of George William Heigho II, a minor, Dorothy Lauver Heigho as guardian of Judith Ann Heigho, a minor, Syd R. Scott, Rhea A. Scott, George A. Crittenden, Nan H. Crittenden, Ethel Jacobs, Arthur E. Machan, Clara E. Machan, Nelson G. Rudderow, Mildred B. Rudderow, Ralph R. Barnard, Mabel A. Barnard, Herbert H. Rozelle, Vera M. Rozelle, Robert B. Bivens, Ruth L. Bivens, E. Reed Hunt, Detroit Trust Company, a Michigan Corporation, and Dorothy Lauver Heigho as trustees of George William Heigho II and Judith Ann Heigho, minors, Herbert B. Hunter, Edna B. Hunter, R. R. Flesher, Hester Flesher, Kurt G. Hinz and Dora M. Hinz, Defendants.

### Civ. A. No. 11176.

United States District Court
E. D. Michigan, S. D.

Oct. 15, 1957.

Parkhill & Luken, Chicago, Ill., J. Frederick Wilson, Detroit, Mich., for plaintiffs.

Ralph W. Barbier, E. Reed Hunt, J. P. Mikesell, Detroit, Mich., for defendants.

LEVIN, District Judge.

This action is brought by the members of ·two Chicago stock brokerage firms, Hicks and Price, and George P. Vye & Company, against thirty-nine former shareholders of the Calvert Lithographing Company, a Michigan corporation. The complaint alleges that the defendants have, in violation of an oral contract, failed to pay a brokerage commission on the sale of the defendants' stock to the stock brokerage house of Sills, Fairman and Harris, Inc.

Fifteen of the selling shareholders, including the principal shareholder, William S. Heigho, have not been served with process. Upon plaintiffs' motions I have ordered a dismissal of the action against these defendants, except William S. Heigho, and as to him I have granted a separate trial, pursuant to Rule 42(b) of the Fed.Rules Civ.Proc., 28 U.S.C.A.

It is not disputed that in January of 1948 Hicks and Price, represented by Forrest M. Laidley, entered into an oral contract with William S. Heigho who claimed to have authority to represent all the shareholders of the Calvert Lithographing Company. By the terms of this agreement Hicks and Price were to be paid a commission of five per cent of the sales price of the Calvert stock if they procured a purchaser. Laidley subsequently, with the approval of Heigho, engaged the plaintiff, George P. Vye of George P. Vye & Company, on a split commission basis to assist him in procuring a purchaser. There is no question but that the eventual purchaser of the stock, Sills, Fairman and Harris, Inc., was procured by the plaintiffs, Laidley and Vye. The only issue is whether William S. Heigho had authority, either expressed, implied or by ratification or estoppel, to bind the other shareholders to the contract he made with the plaintiffs.

These are the essential facts: In January of 1948 Heigho, the owner of thirty-eight per cent of the Calvert stock, and Laidley entered into the oral contract, wherein Heigho assured Laidley that he, Heigho, represented one hundred per cent of the shareholders.

In late March or early April of 1948 Laidley, with the aid of Vye, procured a potential purchaser, the Technology Foundation of Illinois. Negotiations for the sale were carried on for several months by Laidley, Vye, the Foundation and Heigho. E. R. Hunt, a Calvert shareholder and an attorney for Calvert and some of the shareholders, also participated in the negotiations.

The Calvert shareholders finally signed and submitted a proposed sales agreement to the Foundation, which provided:

"Section 14. Commission. Sellers agree, if the purchase and sale herein provided for is consummated but not otherwise, to pay to George P. Vye and Company, 38 South Dearborn Street, Chicago 3, Illinois, and Hicks & Price, 231 South LaSalle Street, Chicago 4, Illinois, a commission of One Hundred Fifty Thousand Dollars ($150,000) payable only as hereinafter provided, each Sellee [sic] to be severally liable for only his own proportionate part thereof as hereinafter provided; * * *."

For reasons not here material, the Foundation rejected the proposed agreement. The defendants, with the exception of Heigho, had no further communication with the plaintiffs until some time after December, 1950, when the present claim for commission was first brought to their attention.

It appears that after the collapse of the negotiations with the Foundation, Heigho was actively engaged in attempting to sell the stock by encouraging the plaintiffs to continue seeking a buyer. There is no evidence that the defendants had any knowledge of this. In fact, Heigho specifically instructed the plaintiffs that they should keep prospective purchasers secret from the other shareholders. Heigho wrote Laidley on March 20, 1949: "The important thing about this prospective deal is that no word of it get to Detroit at all."

For some months the Sills firm negotiated for the Calvert stock through Laidley. However, some time in May of 1949 Heigho informed Laidley that:

"Right now there is no Calvert stock for sale * * *." Attempts by Laidley to induce Heigho to sell the stock were met by continued representations by Heigho that the Calvert stock was not for sale. Nevertheless, Heigho, himself, continued negotiations with representatives of the Sills firm. On or about December 1, 1949, representatives of Sills came to Detroit, met with about twenty of the defendants at a meeting of shareholders arranged by Heigho, and made a cash offer for the Calvert stock. Neither the representatives of Sills nor Heigho told the defendants that Laidley and Vye had originally interested the Sills firm in the stock. The offer was accepted on December 8, 1949. Despite the sale, Heigho wrote a letter to Laidley two months later, on February 16, 1950, which reads in part as follows:

"I will affirm to you that neither Harry LaRocca or Bill Sills [representatives of Sills, Fairman and Harris, Inc.] have come up with a damn thing that I am interested in. They are working on one tack; I am headed in a different direction."

Plaintiffs, after discovery of the sale of the stock to the Sills firm, made demand upon each of the defendants for their respective share of the brokerage fees alleged to be due. Upon defendants' refusal to pay plaintiffs instituted this action.

The burden of proof in establishing an agency rests upon the party alleging the existence of the agency. Whitlow v. Monroe, 1941, 296 Mich. 426, 296 N.W. 314.

I cannot find anything in the record which indicates that the defendants expressly or impliedly authorized Heigho to act for them, as alleged by the plaintiffs. Nor do I find that the defendants' conduct constituted ratification or an agency by estoppel. It is true that the defendants, by selling their stock to the Sills firm, received the benefits of Heigho's unauthorized acts but the mere acceptance of such benefits is not, of itself, sufficient to establish ratification. The Michigan Supreme Court has held that:

"It is well settled that a person may impliedly ratify the act of one assuming to act as his agent by conduct which on his part constitutes an assent to the acts in question. But a knowledge of the material facts on which such conduct was based must be brought home to him." David Stott Flour Mills v. Saginaw County Farm Bureau, 237 Mich. 657, 663, 213 N.W. 147, 149. See also Langel v. Boscaglia, 1951, 330 Mich. 655, 48 N.W.2d 119.

Such required knowledge is not present here.

The plaintiffs concede that there is no direct evidence that the defendants knew of Heigho's representations, but they urge the court to assume that the defendants discovered these representations when the plaintiffs acted as brokers in the Foundation deal. I am not permitted to draw such an inference. Nor are defendants chargeable with constructive knowledge of Heigho's acts. There was nothing in defendants' conduct to estop them from denying the existence of the alleged agency. In discussing the doctrine of such an estoppel, the Michigan Supreme Court has said:

" 'Whenever a principal has placed an agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in assuming that such agent is authorized to perform in behalf of the principal, the particular act, and such particular act has been performed, the principal is estopped from denying the agent's authority to perform it.' 21 R.C.L. p. 856, § 34" Maryland Casualty Co. v. Moon, 1925, 231 Mich. 56, 62, 203 N.W. 885, 887.

It is clear that defendants' conduct prior to the negotiations with the Foundation did not clothe Heigho with authority to represent them. Though Heigho assured Laidley that he represented one hundred per cent of the shareholders there is no evidence that the defendants had given Heigho the authority to make that assertion. There

is also no evidence that the shareholders had any knowledge that Heigho made such a representation. Nor did defendants' participation in the Foundation transaction, with the knowledge that the plaintiffs were acting as brokers in that transaction, justify an assumption by the plaintiffs that Heigho had the authority to represent the defendants in subsequent transactions.

Furthermore, the fact that the defendants failed to notify the plaintiffs of any termination of Heigho's authority does not, as the plaintiffs claim, establish an estoppel for they never gave Heigho such authority; nor did they know that he purported to possess it. No authority existed for them to terminate.

The plaintiffs have not established their asserted right of action and a judgment of no cause for action will be entered as to the present defendants. The action against Heigho, against whom the plaintiffs may have a valid claim, is to remain on the docket for an additional two years from the date of this decision. If service is not made upon Heigho during that period, the Court will then consider entering an order that the complaint against him be dismissed.