## BRUNO v ZWIRKOSKI

Docket No. 61197. Submitted December 16, 1982, at Detroit.—Decided April 6, 1983.

Thaddeus S. and Irene G. Zwirkoski agreed to purchase four acres of land from the Southfield Public Schools and at the same time transfer to the schools a strip of land across other property the Zwirkoskis already owned. This strip of land, and an adjacent strip which remained in possession of the Zwirkoskis, was to be used for a roadway to provide access to the four-acre parcel and to a school building on the adjacent school property. Negotiations for the sale were conducted through the schools' exclusive land agent. The agreement provided that the schools and the Zwirkoskis were to divide equally the cost of building the road. No written contract was ever executed, but possession of the respective parcels was transferred, and the Zwirkoskis, at the time of trial, had paid nearly all of the purchase price and had paid taxes on the four acres for several years. Christine P. and Frank L. Bruno, owners of an adjacent, landlocked parcel of land, brought an action against the Zwirkoskis and the Southfield Public Schools seeking to establish an easement across the property involved, a declaration that the sale was void, and damages. The Zwirkoskis brought a cross-claim against the schools seeking specific performance of the alleged land contract. The Oakland Circuit Court, Gene Schnelz, J., ordered specific performance and required the schools to bear half the cost of constructing the road described in the agreement. The schools appeal, alleging that their agent was not authorized to agree on behalf of the schools to pay for the construction of a road, that the contract with the Zwirkoskis was void because it was not in writing, that the contract

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur 2d, Agency §§ 173, 175.
[2] 5 Am Jur 2d, Appeal and Error § 839.
[3] 71 Am Jur 2d, Specific Performance §§ 19, 20.
[4] 5 Am Jur 2d, Appeal and Error § 546.
[5] 17 Am Jur 2d, Contracts §§ 80, 329, 330.
[6] 3 Am Jur 2d, Agency §§ 173, 183.

should have been treated as two contracts, that any promise to pay was void because no time for performance was specified, and that the trial court erred in specifying that the road be paved in accordance with city specifications. *Held:*

1. The trial court did not clearly err in finding that the school board, by its acceptance of the bid submitted by the Zwirkoskis and its conditions, ratified the acts of its agent in agreeing to bear half the cost of road.

2. The absence of a written contract did not prevent the court from ordering specific performance where the Zwirkoskis had partly performed their obligations under the agreement.

3. There is no authority for treating the contract as two for the purpose of resolving the statute of frauds issue.

4. Where a contract is silent as to the time of performance, the law will presume a reasonable time. The trial court did not err in ordering the schools to pay the cost of the road at current prices.

5. The schools are bound by their ratification of their agent's representation that the road would be built and paved to city specifications.

Affirmed.

1. AGENCY — UNAUTHORIZED ACTS OF AGENT — RATIFICATION BY PRINCIPAL.

The unauthorized acts of an agent are ratified if the principal accepts the benefits of the unauthorized acts with knowledge of the material facts.

2. APPEAL — FINDINGS OF FACT — CLEAR ERROR.

Findings of fact made by a trial judge sitting without a jury will not be set aside unless found to be clearly erroneous (GCR 1963, 517.1).

3. CONTRACTS — SALE OF LAND — UNWRITTEN CONTRACTS — SPECIFIC PERFORMANCE.

Contracts for the sale of land are required to be in writing; however, the absence of a writing will not prevent a court from ordering specific performance of a contract where there has been partial performance (MCL 566.106, 566.108, 566.110; MSA 26.906, 26.908, 26.910).

4. APPEAL — ARGUMENT RAISED FOR FIRST TIME ON APPEAL.

The Court of Appeals will reverse a trial court's decision on the basis of an argument raised for the first time on appeal only to avoid manifest injustice.

5. CONTRACTS — TIME OF PERFORMANCE.

Where a contract is silent as to the time of performance or payment, the law will presume a reasonable time.

6. AGENCY — UNAUTHORIZED ACTS OF AGENT — RATIFICATION BY PRINCIPAL.

A principal who ratifies unauthorized acts of an agent has a duty to inquire into the extent of those unauthorized acts and is bound by all acts of the agent within the scope of the authority the agent assumed.

*Condit, McGarry & Schloff, P.C.* (by *Richard P. Condit),* for appellees Zwirkoski.

*Shifman & Goodman, P.C.* (by *Philip J. Goodman),* for appellant Southfield Public Schools.

Before: CYNAR, P.J., and N. J. KAUFMAN and MacKENZIE, JJ.

PER CURIAM. This appeal involves a cross-claim by Thaddeus and Irene Zwirkoski against the Southfield Public Schools for specific performance of the terms of an alleged land contract. After a nonjury trial, the circuit court ordered specific performance. The terms of the circuit court's order required the schools to bear half the costs of constructing a certain paved road. The Southfield Public Schools appeal by right.

The evidence introduced at trial showed that, in 1969, the Zwirkoskis agreed to purchase four acres of land owned by the schools and adjacent both to a parcel of land already owned by the Zwirkoskis and to the site of an elementary school. A condition of the sale was the transfer by the Zwirkoskis to the schools of a 30-foot-wide strip of land from a road, across the Zwirkoskis' land, to the site of the school. The Zwirkoskis did not deal directly with the school board, but conducted this transaction through the schools' exclusive land agent, Arthur

Stephens. Exhibits submitted to the circuit court showed that Stephens represented to the Zwirkoskis that a 60-foot-wide road would be constructed along the 30-foot-wide strip of the Zwirkoskis' land conveyed to the schools and a strip of the Zwirkoskis' land of equal width, that the road would provide access to the site of the school and to the four acres purchased by the Zwirkoskis, and that the schools and the Zwirkoskis would divide the cost of building the road equally. No written contract was ever executed; however, the evidence showed that at the time of trial possession of the four acres and the 30-foot-wide strip had been transferred, that the Zwirkoskis had paid nearly all of the purcahse price of the property, and that the Zwirkoskis had paid taxes on the four acres since 1969.

At trial, the schools took the position that a contract had been made and that they were entitled to retain the benefits they received under the contract but that the terms of the contract did not require them to pay any part of the costs of construction of the road.

The schools argue that Stephens was never authorized to agree on behalf of the schools to pay for the construction of a road. The schools rely on *Baker v Kalamazoo,* 269 Mich 14; 256 NW 606 (1934), in which the Court held that persons who deal with a municipal corporation through its officers must ascertain the limits of the authority of the officers and that the corporation is not bound by actions of its officers beyond the limits of their authority. However, the Court noted that a municipal corporation is nevertheless bound if it ratifies unauthorized actions. See also *East Jordan Lumber Co v East Jordan,* 100 Mich 201, 205; 58 NW 1012 (1894), and *Webb v Twp of Wakefield,*

239 Mich 521, 527; 215 NW 43 (1927). The circuit
court's decision here was based on ratification.

Unauthorized acts of an agent are ratified if the
principal accepts the benefits of the unauthorized
acts with knowledge of the material facts. *David
Stott Flour Mills v Saginaw County Farm Bureau,*
237 Mich 657, 663; 213 NW 147 (1927); *Langel v
Boscaglia,* 330 Mich 655, 659-660; 48 NW2d 119
(1951). The evidence showed that the bid submit-
ted to the schools by the Zwirkoskis was prepared
by Stephens and contained the following state-
ment:

"If this offer is accepted, we shall be willing to sell
you a 60 ft. roadway at the southermost end of our
acreage known as Cu 430, Section 29. This roadway
would run from Kinsel Road to the adjacent school site.
You will pay for the roadway the same price per acre as
the above bid price, i.e. $10,000 per acre. Further, the
sale of the roadway is subject to the following condi-
tions:
    "*We would have the right to use said 60 ft. road for
ingress and egress to the bid parcel.
    "*We would have the right to use said road if we so
desired for our Kinsel Road land, in which event we
would then pay to the school district half the original
total cost of said 60 ft. road.
    "*Said 60 ft. road shall be located to provide access to
both the four acres being sold and to the adjacent
school site."

The minutes of the school board show a decision
to accept the bid if modified by provisions includ-
ing the following:

"b. The school district be allowed to purchase a 30
foot strip of land for use by the Board for access to
Kinsel Street, at the price of $10,000.00 per acre. (ap-
proximate cost of strip will be $3600.00)
    "c. When the property is developed, owner will de-

velop the adjacent 30 foot strip for use as a road, thus making a road 60 feet in width for access to Kinsel Street."

The circuit judge regarded the foregoing as circumstantial evidence of the knowledge on the part of the school board essential to support a finding of ratification. The circuit judge reasoned that if the board did not know of the representations by Stephens that the schools would pay half the cost of building a 60-foot-wide road, the board could not have expected that a 60-foot-wide road would result from the Zwirkoskis' building of a 30-foot-wide road. Findings of fact by a trial judge sitting without a jury will not be set aside unless clearly erroneous. GCR 1963, 517.1. We cannot say that the finding of ratification here was clearly erroneous.

The schools argue that the contract with the Zwirkoskis was void because it was not in writing. See MCL 566.106; MSA 26.906, and MCL 566.108; MSA 26.908. However, the absence of a writing does not prevent a court from ordering specific performance of a contract which has been partly performed. MCL 566.110; MSA 26.910. By paying nearly all of the purchase price, transferring possession of the 30-foot-wide strip to the schools, taking possession of the four acres, and paying taxes on the four acres, the Zwirkoskis sufficiently performed their obligations under the contract to support an order of specific performance. Compare *Vande Berg v Vanden Bosch,* 242 Mich 37; 217 NW 905 (1928).

The schools argue that the contract at issue here should have been treated as two separate contracts: one for the sale of the four acres in return for the 30-foot strip and the purchase price, and a second for the building of the road and the ex-

change of easements. The schools point out that there was no partial performance of the second. However, there is no record of the schools' raising such an argument in the trial court, and under such circumstances, this Court will reverse only to avoid manifest injustice. *Deeb v Berri*, 118 Mich App 556, 561-562; 325 NW2d 493 (1982). The schools have not cited, and we have been unable to find, any Michigan authority allowing a contract to be divided in two for the purpose of resolving a statute of frauds issue. Even assuming that such division is sometimes permissible, it is not appropriate here. The evidence supports an inference that the promise to pay for part of a road formed part of the inducement which led the Zwirkoskis to agree to purchase the four acres. Without a road, the Zwirkoskis had no access to the four acres. No manifest injustice is presented.

The schools argue that any promise to pay for part of the construction of the road was void because no time for performance was specified. However, where a contract is silent as to the time of performance or payment, the law will presume a reasonable time. *Duke v Miller*, 355 Mich 540, 543; 94 NW2d 819 (1959). The schools argue that it was unreasonable to require them to pay their share of the cost of construction at current prices. In its opinion, the trial court pointed out that the schools have agreed all along that a contract had been made and have been accepting the benefits of the contract since 1969. The trial court placed the blame for the delay in determining the terms of the contract on "sloppy procedures" employed by the schools which the court found "border[ed] on the mind boggling". Under such circumstances, we cannot say that the trial court acted unreasonably in requiring the schools to pay at current prices.

The schools argue that the trial court erred by specifying that the road to be constructed would be a paved road constructed in accordance with the specifications of the City of Southfield. However, the exhibits showed that Stephens represented to the Zwirkoskis that "a black top road * * * in accordance with requirements of the City of Southfield" would be constructed. Arguably, knowledge on the part of the board of such representations is shown by the reference in its minutes to a road 60 feet wide; the evidence shows that 60 feet was the required width of a public road. Moreover, a principal who ratifies unauthorized acts of an agent has a duty to inquire into the extent of those unauthorized acts and is bound by all acts of the agent within the scope of the authority the agent assumed. *Meeuwsen v Clough & Warren Co,* 207 Mich 697, 702; 175 NW 408 (1919). The schools were bound by Stephens's representations. We note that, while the schools have argued that a concrete road is more expensive than a black-topped road, the trial court's order requires merely a paved road constructed in accordance with the city's requirements.

The other issues raised are without merit.

Affirmed.