T.C. Memo. 2015-174

UNITED STATES TAX COURT

MANJIT ROCHLANI, DECEASED, AND BONY M. ROCHLANI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5383-11.                          Filed September 8, 2015.

Bony M. Rochlani, pro se.

Alicia A. Mazurek and Alexandra E. Nicholaides, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

BUCH, Judge:  Respondent issued a notice of deficiency determining the

following deficiencies and penalties with respect to Manjit Rochlani, deceased,

and Bony Rochlani's Federal income tax for years 2008 and 2009:[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal

                                                    (continued...)

[*2]

| Year | Deficiency | Penalty sec. 6662(a) |
|------|------------|----------------------|
| 2008 | $6,772 | $1,354 |
| 2009 | 5,828 | 1,166 |

After concessions by the parties, the issues remaining for consideration are whether Mr. and Mrs. Rochlani operated their business, Ultimate Presales, as a C corporation and whether they are liable for accuracy-related penalties. If they did not operate Ultimate Presales as a C corporation, then the issue is whether they engaged in that activity for profit. On the evidence presented at trial, we hold that Ultimate Presales was a C corporation and that the Rochlanis, therefore, are not entitled to deduct business losses on their personal returns. Further, respondent met his burden of production as to the accuracy-related penalties, and the Rochlanis did not establish any defense to those penalties.

FINDINGS OF FACT

Mr. Rochlani started Ultimate Presales in 2006 and was the proprietor of the business. Through Ultimate Presales, Mr. Rochlani bought and resold sporting, concert, and other tickets. Without permission from his parents and while he was

[1](...continued)
Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[*3] still a minor, the Rochlanis' son Khushal incorporated Ultimate Presales in Michigan in July 2006 using an online legal service. Khushal was unaware of the tax differences between a sole proprietorship and a corporation when he registered the business as a corporation. When the paperwork arrived, Mr. Rochlani asked Khushal whether he had incorporated Ultimate Presales but did nothing to stop or unwind the incorporation process. Thereafter, Mr. Rochlani filed corporate annual reports for Ultimate Presales with the Michigan Department of Energy, Labor & Economic Growth.

During the years in issue Mr. and Mrs. Rochlani and their sons traveled to various locations within the metropolitan Detroit area in addition to traveling around the country to buy and resell sporting, concert, and other tickets. At the same time, Mr. Rochlani worked full time as an engineer with Ford Motor Co.

The Rochlanis used personal credit cards to make all purchases related to the business because Ultimate Presales did not have a business credit card. Further, all business expenses were paid from and business income was deposited into the Rochlanis' personal bank accounts. According to Mrs. Rochlani, Ultimate Presales had its own bank account to use for business expenses, but she closed the account because they never used it.

**[*4]** Mr. Rochlani prepared and timely filed joint Forms 1040, U.S. Individual Income Tax Return, for 2008 and 2009. The Rochlanis attached to each Form 1040 a Schedule C, Profit or Loss From Business, identifying the principal business of Ultimate Presales as "Sell Goods" in 2008 and "Sell Goods and Ticke[ts]" in 2009. The Rochlanis reported Schedule C losses of $41,610 for 2008 and $44,066 for 2009. The reported business expenses include: business use of home, supplies expenses, office expenses, legal and professional expenses, advertising expenses, travel expenses, car and truck expenses, other expenses, contract labor expenses, depreciation and section 179 expenses, and commissions and fees expenses. Mr. Rochlani did not keep any logs or calendars for travel-related expenses or other expenses. He retained credit card statements that he would later use to reconstruct Ultimate Presales' expenses.

Respondent examined the Rochlanis' 2008 and 2009 returns and issued a notice of deficiency on December 10, 2010. In the notice respondent adjusted the Rochlanis' tax liabilities to reflect removal of the Schedules C, asserting that Ultimate Presales was a corporation. In addition, respondent made other adjustments not in issue and determined accuracy-related penalties under section 6662(a) for both years. While residing in Michigan, the Rochlanis timely petitioned.

**[\*5]** After the petition was filed, Mr. Rochlani passed away. Mrs. Rochlani, assisted by Khushal, represented her interests at trial. After trial the Court dismissed Mr. Rochlani after giving his heirs an opportunity to step into his place.

OPINION

I. Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and taxpayers bear the burden of proving otherwise.[2] The burden may shift to the Commissioner under section 7491(a) if the taxpayer has complied with the necessary substantiation requirements, maintained adequate records, and cooperated with reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews. The Rochlanis have not adequately substantiated all the expenses in issue. Additionally, the Rochlanis do not assert that the burden should shift to respondent. As a result, the burden remains on the Rochlanis.

---

[2]Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

**[*6]** II.     <u>Recognition as a C Corporation</u>

The corporate form allows businesses "to gain an advantage under the law of the state of incorporation."[3]  Where a taxpayer adopts the corporate form, and "so long as that purpose is the equivalent of business activity or is followed by the carrying on of business by the corporation, the corporation remains a separate taxable entity."[4]

To determine whether a corporation is organized for a business purpose, we have stated that "[t]he degree of corporate purpose and activity requiring recognition of the corporation as a separate entity is extremely low" and the determination that a corporation is doing business is "'not necessarily dependent upon the quantum of business.'"[5]  To be recognized as a separate taxable entity, a corporation does not need to keep account books or records, maintain separate

---

[3]<u>Moline Props., Inc. v. Commissioner</u>, 319 U.S. 436, 438 (1943) (citing <u>Texas-Empire Pipe Line Co. v. Commissioner</u>, 127 F.2d 220 (10th Cir. 1942), <u>rev'g</u> 42 B.T.A. 368 (1940)).

[4]<u>Moline Props., Inc. v. Commissioner</u>, 319 U.S. at 439 (citing <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 442 (1934), and <u>Deputy v. du Pont</u>, 308 U.S. 488, 494 (1940)).

[5]<u>Strong v. Commissioner</u>, 66 T.C. 12, 24 (1976) (quoting <u>Britt v. United States</u>, 431 F.2d 227, 235, 237 (5th Cir. 1970)), <u>aff'd without published opinion</u>, 553 F.2d 94 (2d Cir. 1977).

[*7] bank accounts or credit cards, or own any assets.[6] And when the corporate form is adopted, taxpayers are not permitted to claim individual deductions for the payment of corporate expenses.[7] A taxpayer's choice to adopt the corporate form requires the acceptance of its tax disadvantages.[8]

Courts have held that "the corporate form may be disregarded where it is a sham or unreal."[9] When a taxpayer tries to avoid the tax disadvantages of the corporate form, however, the "claim that his controlled corporation should be disregarded will be closely scrutinized."[10]

The Rochlanis reported the following business expenses on their 2008 and 2009 Forms Schedule C: business use of home, supplies expenses, office expenses, legal and professional services expenses, advertising expenses, travel expenses, car and truck expenses, other expenses, contract labor expenses, depreciation and section 179 expenses, and commission and fees expenses. However, Khushal incorporated Ultimate Presales in Michigan in July 2006. An

---

[6]Moline Props., Inc. v. Commissioner, 319 U.S. at 438.

[7]Deputy v. du Pont, 308 U.S. at 494.

[8]Burnet v. Commonwealth Improvement Co., 287 U.S. 415, 419-420 (1932).

[9]Moline Props., Inc. v. Commissioner, 319 U.S. at 439.

[10]Strong v. Commissioner, 66 T.C. at 24.

**[*8]** entity formed as a State-law corporation is treated as a corporation for Federal tax purposes. See sec. 301.7701-2(b)(3), Proced. & Admin. Regs. Nonetheless, the Rochlanis argue that the Court should disregard the corporate form.

There is no issue with Ultimate Presales' bona fide business purpose. Ultimate Presales was organized for the bona fide business purpose of buying and reselling sporting, concert, and other event tickets. The issue is whether Ultimate Presales is a corporation for Federal income tax purposes.

To decide whether Ultimate Presales should be respected as a corporation, an initial question arises regarding whether the Rochlanis are bound by Khushal's unauthorized act of registering Ultimate Presales as a corporation. The evidence is clear that Khushal was not authorized or instructed by Mr. Rochlani to register Ultimate Presales as a corporation. But upon learning that it had been registered, Mr. Rochlani did nothing to undo what his son had done. In fact, Mr. Rochlani ratified his son's act.

Under Michigan law, unauthorized acts may be ratified explicitly or implicitly.[11] And the unauthorized acts of an agent are ratified if the principal

---

[11]David Stott Flour Mills, Inc. v. Saginaw Cnty. Farm Bureau, 213 N.W. 147, 149 (Mich. 1927) (stating that a principal "may impliedly ratify the act of one assuming to act as his agent by conduct, which on his part, constitutes an assent to the acts in question").

**[*9]** accepts those acts with knowledge of the material facts.[12]  While Khushal's act of incorporating Ultimate Presales was unauthorized, Mr. Rochlani thereafter respected, at least in part, the corporate form by filing annual reports with the Michigan Department of Energy, Labor & Economic Growth.  In doing so, he recognized and ratified the corporate form.

The Rochlanis point us to the failure to maintain corporate books or accounts. The Supreme Court addressed the significance of such facts in Moline Props. Inc., where the Court determined that the corporate existence could not be ignored as merely fictitious even though the corporation "kept no books and maintained no bank account during its existence and owned no other [significant] assets".[13]

Because Ultimate Presales was a corporation, the Rochlanis are not entitled to deduct losses from Ultimate Presales on their personal 2008 and 2009 returns. The Rochlanis' ratification and adoption of the corporate form requires the acceptance of its tax disadvantages.

---

[12]Bruno v. Zwirkoski, 335 N.W.2d 120, 122 (Mich. Ct. App. 1983).

[13]Moline Props., Inc. v. Commissioner, 319 U.S. at 438.

**[\*10] III.    <u>Section 6662(a) Accuracy-Related Penalties</u>**

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any portion of an underpayment of tax required to be shown on a return if the underpayment is due to, among other reasons, negligence, disregard of rules or regulations, or any substantial understatement of income tax.  Respondent bears the burden of production with respect to any penalty or addition to tax.[14]  The Rochlanis then bear the burden of proving any defenses.[15]

An understatement of income tax is "substantial" if the understatement exceeds the greater of 10% of the tax required to be shown on the return or $5,000.[16]  Respondent made no showing as to negligence.

In accordance with this opinion, the Rochlanis' exact underpayment for each year depends on the Rule 155 computations.  If these computations establish a substantial understatement of income tax for either year, respondent has met his

---

[14]Sec. 7491(c).

[15]Sec. 6664(c)(1); <u>see also</u> <u>Higbee v. Commissioner</u>, 116 T.C. 438, 447 (2001).

[16]Sec. 6662(d)(1)(A).

[*11] burden with respect to that year.[17]  Further, the Rochlanis failed to provide any evidence of defenses against the penalties.

Accordingly, we sustain the penalties under section 6662(a) for 2008 and 2009 only if the Rule 155 computations establish substantial understatements.

IV.    Conclusion

On the basis of our examination of the record before us and the parties' arguments at trial, we find that the Rochlanis have failed to show that the corporate form of Ultimate Presales should be disregarded.  Further, respondent has met his burden of production with respect to the penalties only if the Rule 155 computations establish substantial understatements, and the Rochlanis have failed to meet their burden to show that the penalties should not apply.

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[17]See <u>Olagunju v. Commissioner</u>, T.C. Memo. 2012-119; <u>Jarman v. Commissioner</u>, T.C. Memo. 2010-285.