*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHELLE BERLIN,

        Plaintiff-Appellant,

v

CALIXTO TORRES, JR., and LAURA ROONEY,

        Defendants-Appellees.

UNPUBLISHED
August 13, 2025
8:54 AM

No. 370336
Livingston Circuit Court
LC No. 2020-030931-CH

Before: K. F. KELLY, P.J., and MARIANI and ACKERMAN, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendants, Calixto Torres, Jr., and Laura Rooney. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case involves a dispute over a land contract between plaintiff and defendants regarding property located in Fenton, Michigan (the "property"). The property was originally owned by defendants, who are a married couple. Plaintiff, a real estate broker, began renting the property from defendants in March 2012, and resided in it as her primary home.

On June 19, 2015, the parties entered into a land contract for the sale of the property. The terms of the contract provided that defendants would sell the property to plaintiff for a purchase price of $140,000. In turn, plaintiff agreed to pay the purchase price in monthly installments of $1,000, with a balloon payment due on June 19, 2018, three years from the date of the contract:

> This balance of purchase money and interest shall be paid in monthly installments of ONE THOUSAND AND NO/100 Dollars ($1,000.00) each, or more at Purchaser's option, on the 19 day of each month, beginning July 19, 2015; said payments to be applied first upon interest and the balance on principal, PROVIDED, the entire purchase money and interest shall be fully paid within 3 years from the date hereof, anything herein to the contrary notwithstanding.

-1-

The contract included an addendum that specifically noted the required monthly installments were insufficient to fully satisfy the purchase price, and that a lump-sum payment would be due upon completion of the three-year term. The contract also provided that time was of the essence, and that defendants were under no obligation to extend the term of the contract.

One month before the balloon-payment deadline, plaintiff e-mailed Torres that she was working to obtain the necessary financing to purchase the property, but still intended to close in June 2018. However, on June 19, 2018, plaintiff did not make the balloon payment. She continued to reside in the property and make monthly payments. Ten months later, in April 2019, plaintiff e-mailed Torres that she was ready to proceed with closing. She received an e-mail back from defendants' counsel stating that the balloon-payment deadline had expired and defendants did not intend to go forward with the sale. Plaintiff claimed that at or about the time the balloon payment was due, Torres verbally agreed to extend the deadline so that she could complete the necessary refinancing to purchase the property. Defendants denied that plaintiff requested an extension and maintained that they did not agree to one.

In October 2020, plaintiff sued defendants seeking specific performance of the contract based on their failure to perform the necessary duties to finalize the transaction. In November 2023, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(7) and (10), arguing that plaintiff's claims were barred by the statute of frauds and her own breach of the contract. Plaintiff argued that she raised a genuine issue of material fact regarding whether Torres agreed to extend the balloon-payment deadline, and claimed the partial-performance exception to the statute of frauds applied. The trial court ruled in defendants' favor, granting their motion for summary disposition, and dismissing plaintiff's complaint.

II. STANDARDS OF REVIEW

"The existence and interpretation of a contract are questions of law reviewed de novo." *Kloian v Domino's Pizza LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006). This Court also reviews de novo whether the statute of frauds bars the enforcement of a contract. *Id*. at 458. We likewise review a trial court's decision on a motion for summary disposition de novo. *Chisholm v State Police*, 347 Mich App 646, 651-652; 16 NW3d 563 (2023).

MCR 2.116(C)(7) allows for dismissal of an action because of the statute of frauds. "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010) (citations omitted). "If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact." *Id*. at 429 (citations omitted). The question of whether a claim is barred under MCR 2.116(C)(7) is an issue of law for this Court if there are no facts in dispute and reasonable minds could not differ regarding the legal effect of those facts. *Id*. However, dismissal is inappropriate "if a question of fact exists to the extent that factual development could provide a basis for recovery . . . ." *Id*. (citation omitted).

"A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the claim and is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Chisholm*, 347 Mich App at 652. "A genuine issue of material

fact exists when the record leaves open an issue on which reasonable minds might disagree." *Id*. On review, we "consider the documentary evidence in the light most favorable to the nonmovant." *Id*.

## III. ANALYSIS

Plaintiff argues that the trial court erred by granting defendants' motion for summary disposition because (1) she raised a genuine issue of material fact regarding whether Torres agreed to an extension of the balloon-payment deadline, and (2) the partial-performance exception to the statute of frauds applies. We disagree as to each.

A land contract is an agreement "for the sale of an interest in real estate in which the purchase price is to be paid in installments (other than an earnest money deposit and a lump-sum payment at closing) and no promissory note or mortgage is involved between the seller and the buyer." *Zurcher v Herveat*, 238 Mich App 267, 291; 605 NW2d 329 (1999) (quotation marks and citation omitted). Therefore, a land contract is "an executory contract in which legal title remains in the seller/vendor until the buyer/vendee performs all the obligations of the contract while equitable title passes to the buyer/vendee upon proper execution of the contract." *Id*.

Because land contracts involve an interest in lands, they are subject to the statute of frauds under MCL 566.106 and MCL 566.108. MCL 566.106 provides:

> No estate or interest in lands, other than leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing.

And MCL 566.108 provides, in relevant part:

> Every contract for the leasing for a longer period than 1 year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized in writing[.]

Although a written contract may be modified, *Kloian*, 273 Mich App at 454, if the statute of frauds requires the original agreement to be in writing, any modification must also be "in writing or supported by consideration in order to be enforceable," *Zurcher*, 238 Mich App at 299-300.

"The goal of contract construction is to determine and enforce the parties' intent on the basis of the plain language of the contract itself." *AFSCME v Detroit*, 267 Mich App 255, 262; 704 NW2d 712 (2005). "It is beyond doubt that the actual mental processes of the contracting parties are wholly irrelevant to the construction of contractual terms. Rather, the law presumes that the parties understand the import of a written contract and had the intention manifested by its terms." *Zurcher*, 238 Mich App at 299 (quotation marks and citation omitted).

There is no dispute that the written terms of the contract required plaintiff to pay the remaining purchase price of the property by June 19, 2018. However, plaintiff argues that she raised a genuine issue

of material fact regarding whether Torres agreed to extend the balloon-payment deadline, which precluded the trial court's grant of summary disposition. As plaintiff correctly observed in the trial court, this issue "is tied directly into" the applicability of the statute of frauds.

Having entered into a land contract, the parties' original agreement was subject to the statute of frauds. See MCL 566.106 and MCL 566.108. Therefore, any modification of its terms was required to be in writing and supported by consideration. *Zurcher*, 238 Mich App at 299-300. Importantly, plaintiff conceded during her depositions that she did not have any documents specifically stating that she requested an extension from either defendant. Nor can plaintiff assert that the February 2019 e-mail exchange between her and Torres was a written agreement for an extension. That exchange, which came eight months after the June 2018 deadline, contained no explicit references to an extension. Rather, plaintiff updated Torres on her refinancing efforts, to which he responded, "Thanks [plaintiff]. I look forward to hearing from you. Enjoy your weekend." The e-mails do not contain an agreement to extend the deadline or reference any consideration in support of an extension. Because plaintiff cannot produce a writing supported by consideration indicating that the parties agreed to extend the balloon-payment deadline, any verbal agreement to that effect was unenforceable under the statute of frauds.

Plaintiff additionally maintains that the statute of frauds is inapplicable because of the doctrine of partial performance. The partial-performance doctrine has historically been applied in the context of contracts involving the sale of land. *Dumas v Auto Club Ins Ass'n*, 437 Mich 521, 540; 473 NW2d 652 (1991). It provides:

> If one party to an oral contract, in reliance upon the contract, has performed his obligation thereunder so that it would be a fraud upon him to allow the other party to repudiate the contract, by interposing the statute, equity will regard the contract as removed from the operation of the statute. The contract to be enforced must be established by clear and convincing evidence. [*Barclae v Zarb*, 300 Mich App 455, 475; 834 NW2d 100 (2013) (citation omitted).]

Plaintiff argues that the statute of frauds does not apply because she sufficiently performed her obligations under the contract by continuing to make monthly payments, maintain property insurance, pay property taxes, and upkeep the property. To support this proposition, she relies on *Bruno v Zwirkoski*, 124 Mich App 664, 669; 335 NW2d 120 (1983),[1] which concluded that specific performance of an unwritten contract was warranted where a party paid "nearly all of the purchase price" of a property, took possession of the property, and paid property taxes. That case is easily distinguishable because plaintiff failed to pay a substantial portion of the purchase price by the time the balloon-payment deadline expired. Indeed, defendants estimated that plaintiff paid only $30,000 of her $140,000 obligation. The contract specifically noted that the monthly installments were insufficient to pay the full obligation under the contract. Accordingly, plaintiff's conduct does not amount to substantial performance of the contract to warrant the partial-performance exception.

---

[1] "Although published decisions of this Court issued prior to November 1, 1990, are not strictly binding upon us, all published decisions of this Court are precedential under the rule of stare decisis and generally should be followed." *Stoudemire v Thomas*, 344 Mich App 34, 41 n 2; 999 NW2d 43 (2022).

Further, plaintiff was required to establish the existence of an oral agreement by clear and convincing evidence. *Barclae*, 300 Mich App at 475. The clear and convincing evidence standard is "the most demanding standard applied in civil cases . . . ." *In re Martin*, 450 Mich 204, 227; 538 NW2d 399 (1995). Clear and convincing evidence

> produce[s] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. [*Martin*, 450 Mich at 227 (quotation marks and citation omitted; alterations in original).]

While plaintiff maintains in her testimony and affidavit that Torres orally agreed to extend the deadline, Torres swore to the contrary in his own affidavit. Furthermore, plaintiff's own testimony is unclear as to whether she reached out for an extension prior to the June 2018 deadline. Though plaintiff said she contacted Torres for an extension when the balloon payment was due, she also stated that she initially reached out after the deadline passed in August 2018, and admitted that she did not request an extension "until at least a couple of months after th[e] deadline had passed[.]" Given the lack of clarity in plaintiff's own testimony, she failed to meet her burden of establishing an oral agreement by clear and convincing evidence.

While plaintiff may claim that defendants' conduct was inconsistent with their later refusal to close on the property, her subjective understanding about the enforceability of the contract is irrelevant to whether it was actually enforceable. *Zurcher*, 238 Mich App at 299. Plaintiff even testified in retrospect that she "kn[e]w better" than to rely on an oral agreement, given her experience as a real estate broker. In this case, plaintiff failed to raise a genuine issue of material fact regarding whether the parties had an enforceable agreement to extend the balloon-payment deadline under the statute of frauds. Further, the evidence she presented was insufficient to invoke the doctrine of partial performance. The trial court did not err by determining that defendants were entitled to summary disposition based on the plain language of the contract.

Plaintiff's scrutiny of the fact that the trial court did not specifically analyze the statute of frauds or articulate that it was granting summary disposition under MCR 2.116(C)(7) does not alter the foregoing analysis. Where summary disposition is otherwise proper, this Court may affirm a trial court's dismissal of a party's claims. See *Bodnar v St John Providence, Inc*, 327 Mich App 203, 224 n 3; 933 NW2d 363 (2019) (explaining that this Court may uphold a trial court's ruling if it produced the correct result). As detailed above, we conclude that the trial court properly granted summary disposition.

Affirmed. Having prevailed on appeal, defendants may tax costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Philip P. Mariani
/s/ Matthew S. Ackerman